Jacob v. McLean.

JACOB, Respondent, v. McLEAN, Appellant.

1. Where a cause is upon the day of trial submitted to the court by plaintiff's counsel upon proofs presented by him, and the court finding for plaintiff gives judgment accordingly; *held,* that defendant is not entitled to have this judgment set aside for the reason that his counsel, at the time the case was called and submitted, was absent in attendance as counsel in another cause in another court.

2. The Supreme Court will not in such case interfere with the discretion of the lower courts.

*Appeal from St. Louis Circuit Court.*

This was a suit brought by an endorsee of a bill of exchange against the acceptor. Defendant, in his answer, set up a want or failure of consideration; also denied the endorsements. When the case was called for trial, the defendant not being present, it was submitted to the court upon proof of the several endorsements, and the court found for plaintiff, and rendered judgment accordingly. Defendant moved to set aside this judgment and accompanied his motion with the following affidavit: " L. M. Shreve being duly sworn, upon his oath states that he has had sole charge of the defence of this cause; that he prepared himself for the trial of this cause, and his testimony was ready; but at the time when said cause was disposed of by the court, affiant was actually engaged in the cause of the State v. Wm. F. Morgan, and was at the time addressing the jury in the case; that as soon as he closed his argument at eleven o'clock in the morning, he proceeded to this court and found that this case had just been disposed of by default. Affiant states that defendant has good legal and meritorious defence to said action, and he has so advised the defendant, and is willing to pay costs and comply with any terms imposed by this honorable court."

The court overruled the motion. Defendant appealed.

*A. M. Gardner*, for appellant.

*Knox & Kellogg*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

If the ground on which this application for a new trial is asked be sustained, it would be almost impossible to do the business of the St. Louis courts. If, because counsel is engaged in one court, the business of another court, where his presence is required, is to be delayed, it is easy to see that no dispatch could be used in the disposition of causes. The courts below, where the business of suitors is done in the first instance, must be the judges how far the counsel may be tolerated in absenting themselves. This court, sitting in St. Louis, sees that, if the absence of counsel in other courts would be a sufficient reason for putting off the trial of causes, there would be no use in going through the formality of opening court. Judges and suitors might wait all day until counsel could find time to attend. The due administration of justice will be best promoted by leaving such things to the discretion of the court of original jurisdiction. Where those courts interfere and give relief against judgments obtained in the absence of counsel, we feel no disposition to prevent their so doing; but when a party seeks to substitute the discretion of this court for that of the court below, and to give relief under circumstances which, in the discretion of that court, do not entitle him to it, he must present a strong case.

The other judges concurring, the judgment will be affirmed.