RIDGLEY, Respondent, v. STEAMBOAT REINDEER, Appellant.

1. The forty-second section of the act concerning boats and vessels (R. C. 1855, p. 313), providing that suits to enforce liens in any other than the first class shall, in St. Louis county, be commenced within six months, does not apply to causes of action that had accrued more than six months previous to the 1st of May, 1856—the day the revised code of 1855 went into effect.

2. Whether a default shall be set aside is a matter within the discretion of the courts to which application is made for that purpose.

3. Suits instituted in the St. Louis court of common pleas are triable at the return term "in all cases in which the parties continued to be proceeded against at such term shall have been personally summoned for at least fifteen days before the first day of such term;" (R. C. 1855, p. 1595;) inquiry of damages may be made at the return term in a case of judgment of default against a steamboat.

*Appeal from St. Louis Court of Common Pleas.*

This was an action against the steamboat Reindeer to recover the value of a slave alleged to have been transported out of this state in said steamboat. Judgment by default was rendered against the steamboat. This default the court refused to set aside.

*G. P. Strong*, for appellant.

I. The court should have set aside the default and permitted the defence to be made, and should have set aside the final judgment and permitted an answer and a regular trial. The discretion of the courts in the matter of setting aside defaults must be exercised in a reasonable manner. The affidavits show that the slave was not carried away by the boat.

II. The lien against the boat was discharged by the failure of the plaintiff to bring his action within six months after the cause of action accrued. (R. C. 1855, p. 313, § 42.)

III. The court erroneously refused to let the execution of the writ of inquiry be continued to the next term. There was no personal service in the case. It was a proceeding *in rem.*

*Knox & Kellogg*, for respondent.

Ridgley v. Steamboat Reindeer.

NAPTON, Judge, delivered the opinion of the court.

This suit was brought on the 10th September, 1856, on a cause of action alleged to have accrued on the 14th September, 1855. The forty-second section of the act concerning boats and vessels, in force when this suit was brought, required all suits upon liens given by the act, except those enumerated in the first class (of which this was not one), to be commenced (in St. Louis county) within six months. Before this law took effect, twelve months were allowed for suits of this character. The question is, whether the forty-second section of the act of 1856 applied to this case.

It is very clear that if this was an ordinary civil action and not one for a penalty, it was not barred, because it is not necessary in order to give reasonable effect to the statute of 1856 to give it any retrospective operation. As the statute did not prescribe any time within which suits upon past causes of action and not then barred by any existing statute should be barred, the reasonable intendment must govern that the act was designed to be entirely prospective, and was not intended to cut off causes of action which were not then barred by previous statutes. Any other construction would lead to suits clearly not contemplated by the legislature, and which, if foreseen, would of course have been provided for. On the last day of April, the day before the revised code of 1856 took effect, Ridgley had a cause of action which was not barred by any statute then in force. On the contrary, he had until the 14th of September, 1856, within which to bring his suit. If the revision of 1856 and the forty-second section be applied to this case, his remedy was not merely affected, but it was entirely cut off, for the six months had entirely expired. This was evidently not the intention of the law. Where the legislature intend to legislate upon past causes of action, as they may do in the opinion of some, they would of course give a reasonable time after the passage of the act within which to bring suits upon them.

These observations are made upon the assumption that there

was nothing peculiar in this action distinguishing it from ordinary suits on contracts. It is urged that, admitting the law to be as above stated, it ought not to be applied to this case, because it is a suit for a penalty; that the legislature has a right to repeal a law giving a penalty at any time without just cause of complaint to any one; that there is no vested right in a penalty as there is in a contract; and therefore a strict and literal construction may with propriety be given to this forty-second section in the case now under consideration. It is no doubt true that there is no vested interest in a penalty, and that the legislature may repeal the law which gives it, at any time, without affecting the rights and interests of any one; but in this case they have not in fact repealed the penalty, nor have they in any respect changed the law as it stood before on this subject. The forty-second section applies in general terms to all the cases enumerated in the second, third and fourth clauses of the first section of the act, and it would be difficult to maintain one construction of the section in reference to one class of cases to which it refers, and another construction for another class. The section in terms makes no distinction and evidently designs none. That they had the right to make such a distinction can not alter the construction of the section; neither can the admitted existence of other remedies concurrent with this, as that is equally true of all the liens specified in the law.

The cases of Field and Cathcart v. Mason, 8 Mo. 687, and Webb v. Coonce, 11 Mo. 10, are sufficient to show that the refusal of the court below to set aside the default was not such an unwarrantable or improper exercise of his discretion as to justify the interference of this court. There was certainly negligence of the party, if not of his attorney; for the writ advised him in what court the suit was brought, and he gave a bond for the boat in which the same thing is recited.

It is objected that the inquiry of damages was executed at the return term of the writ. The twenty-ninth section of the

act establishing a land court in St. Louis county, makes all suits in this court triable at the return term (R. C. 1855, p. 1595), where the service is fifteen days before the first day of such term.

Judgment affirmed; the other judges concur.