BERNARDINO FLOREZ, Respondent, *v.* CAROLINE UHRIG, ADMINISTRATRIX OF PHILIP UHRIG, DEC'D, Appellant.

*Practice—Default.*—The Supreme Court will not, except where manifest injustice has been done, revise the discretion of the inferior court in refusing to set aside an interlocutory judgment or default. An affidavit to set aside a default should set forth the facts, that the court may see whether there be merits in the defence.

*Appeal from St. Louis Circuit Court.*

*Hœussler,* for respondent.

This court has decided that it will not interfere with the judgment of the court below, refusing to set aside a judgment by default, when it appears there has been gross negligence on the part of the defendant. (Faber v. Bruner, 8 Mo. 541.)

And again, this court has decided, over and over again, that no distinction is made between the negligence of a party and the negligence of his attorney. (Field v. Watson, 8 Mo. 686; Kirby v. Chadwell, 10 Mo. 392; Austin v. Nelson, 11 Mo. 192; Ridgley v. S. Bt. Reindeer, 17 Mo. 442.)

Nor will this court interfere with the exercise of a discretionary power vested in the court below, unless, perhaps, under peculiar circumstances. (Caldwell v. McKee, 8 Mo. 334; Edwards v. Watkins, 17 Mo. 273.)

The motion to set aside a judgment by default is addressed very much to the discretion of the inferior court. (Kribben v. Eckelkamp, 34 Mo. 480.)

It has also been held by this court, that, in an affidavit to set aside a default, the defendant must state he has, or believes he has, a meritorious defence; and set out the evidence by which he expects to support it. (Barry v. Johnson, 3 Mo. 372; Lamb v. Nelson, 34 Mo. 501.)

The defendant wholly failed to set out the evidence by which she expects to support her supposed defence. She says she has a defence for not repairing the roof. The petition shows that the plaintiff allowed defendant a certain sum monthly for repairs.

*Van Waggoner*, for appellant.

LOVELACE, Judge, delivered the opinion of the court.

This is an action to recover a balance due by defendant to plaintiff, growing out of the lease of certain premises to defendant's intestate, Philip Uhrig. The suit was commenced in the lifetime of said Philip Uhrig, in the Circuit Court of St. Louis county, by attachment, under the provisions of the "Act concerning Landlords and Tenants." Philip Uhrig, by his attorney H. N. Hart, filed a plea in the nature of a plea in abatement; and, on the first day of March, 1862, on motion of plaintiff, the defendant's plea was stricken out, and ten days' time given him to plead. On the 13th day of March, 1862, the plaintiff took a default against the defendant for failing to plead, and at the September term, 1862, (Philip Uhrig, in the mean time, having departed this life,) Caroline Uhrig, the widow and administratrix of Philip Uhrig, filed a motion to set aside the interlocutory judgment and permit her to plead, for reasons set forth in certain affidavits which accompany her motion. The affidavits of herself and another person, setting forth that when the suit was first instituted against Philip Uhrig, he had employed Henry N. Hart, an attorney at law, to defend said action for him;

and that Hart told Uhrig that he (Hart) would advise Uhrig of any attention that might be needed, on the part of Uhrig, in the progress of the cause; that Uhrig was taken sick in the beginning of February, 1862, so that he was unable to attend to his business, and continued to grow worse until he died, which was on the 14th day of March, 1862; - that the second day after her husband died, Caroline Uhrig called on Hart to ascertain what had been done in the suit, and how much her husband had been sued for, and to learn when the suit would be tried; that Hart told her the suit was for one month's rent, about two hundred dollars, and that nothing could be done for one year.    The affidavits also state, that Caroline Uhrig was not· aware of the fact that Hart had failed to file an answer, until she was informed by her present attorney.    The affidavit of Caroline Uhrig also denies that the indebtedness of Philip Uhrig to plaintiff amounts to five hundred dollars or any sum approximating thereto, but alleges that the defendant has a defence against the plaintiff for a breach of covenants in the lease to repair the roof of the house; but it is not stated what the nature of these covenants was, or what damage the defendant sustained by reason of the failure.

These being substantially the facts of the case, the court below overruled the motion to set aside the interlocutory judgment, and proceeded to enter up a final judgment against the defendant.

The only error complained of in the court below, is in refusing to set aside the interlocutory judgment in order that the defendant might plead to the merits of the cause.    In such cases the inferior courts have very wide discretionary power, which ought to be exercised in such a way as to promote the ends of justice as far as possible.    But it would be very unsafe for this court to undertake to revise the errors of the inferior courts in the mere exercise of their discretion, and ought not to be done unless manifest injustice has resulted from the action of the court below, and I am not prepared to say that such is the fact in this case.    If there was any

fault in rendering this interlocutory judgment on the 13th day of March, 1862, it was the fault of the defendant's attorney; for when the plea in abatement was stricken out on the 1st day of March, ten days' time was given to defendant to plead, and no very substantial reason is given for the failure. If the attorney found it out of his power to plead on account of the sickness of his client, and really had a meritorious defence to the plaintiff's cause of action, he ought to have presented the facts to the court and got an extension of time, and, failing to do this, the default was properly granted; and I am not prepared to say that the court committed error in refusing to set it aside, merely for the reason that the attorney had been negligent. (Stout v. Calm, 6 Mo. 254; Kerby and Potter v. Chadwell, 10 Mo. 392; Steigers v. Darby, 8 Mo. 679.)

The affidavit of defendant was also insufficient in not setting out fully what defence, if any, she had to the plaintiff's cause of action, so that the court might see from the facts whether there were merits in her defence.

Judge Wagner concurring, the judgment is affirmed.