LE ROY GRIFFIN, Respondent, *vs.* AMADEE VEIL, Appellant.
SAME *vs.* SAME.

1. *Judgment—Default—Setting aside, matter of discretion with trial court.*—
Whether application to set aside judgment by default on the ground that counsel, when the case was called, was disposing of a case in another court should be granted, held a question to be determined by the trial court in the exercise of a sound discretion. (See Jacob vs. McLean, 24 Mo., 40.)

*Appeal from St. Louis Circuit Court.*

*Mitchell & McGaffey,* for Appellant.

ADAMS, Judge, delivered the opinion of the court.

These two cases present precisely the same point for our determination and are therefore considered together. They are appeals from a justice of the peace. The judgments before the justice were rendered in favor of the defendant, and in due time on a subsequent day the plaintiff appealed to the Circuit Court and the justice returned the appeals and they were filed on the 19th day of April, 1870.

In June, 1872, the cases were called for trial in the Circuit Court, and the defendant failing to appear, judgments by default were taken and made final in favor of the plaintiff. The defendant afterwards filed motions to set aside the judgments, and for a new trial which were overruled and he excepted.

The judgments were affirmed at General Term, and the defendant has appealed to this court. The only grounds relied on in the motions for a new trial, were that the defendant had a good and meritorious defense, and that his attorney at the time the cases were called, was necessarily absent attending to an important criminal case pending in the Court of Criminal Correction of St. Louis county; that both courts convened at the same hour, and the attorney hastened to the Court of Criminal Correction and procured a continuance of the case pending in that court, and was not absent more than half an hour—when he returned and found that judgments had been taken in these cases a few minutes previously. These facts were supported by the affidavit of the attorney.

If the facts contained in this affidavit formed a good ground for setting aside judgments and granting new trials, it would be almost impossible in a large city like St. Louis, to transact the business of the numerous courts. They are generally all or many of them in session at the same time. If the courts were bound to consult the convenience or business of attorneys in calling their dockets, it is manifest that no dispatch could be used in the disposition of causes. These courts must be allowed to exercise their own discretion as to how far counsel may be tolerated in absenting themselves when cases are likely to be called. · It would require a very strong case to require the discretion of this court to be substituted for that of the courts of first instance. This very point was before this court in Jacob vs. McLean, (24 Mo., 40,) and was determined in the same way.

Judgment affirmed, Judge Wagner absent; the other judges concur.