ROBYN v. THE CHRONICLE PUBLISHING COMPANY, *Appellant.*

**Division One, March 12, 1895.**

1. **Practice:** JUDGMENTS BY DEFAULT: NEGLIGENCE. Courts will not relieve parties from judgments by default which are the consequences of their own negligence.

2. ———: ———.  The setting aside of a judgment by default is a matter for the discretion of the trial court, and is only granted on a showing of a meritorious defense and a good excuse for not making a seasonable answer.

3. ———: ———: APPELLATE PRACTICE. The supreme court will not revise the action of the trial court in refusing to set aside a default judgment, unless its action shows a case of abuse of discretion.

4. ———: EVIDENCE: DAMAGES: EXCEPTIONS. Where judgment is taken by default, error in the admission of evidence in assessing damages, is not a ground for reversal, unless there are exceptions saved to its admission.

5. **Appellate Practice:** DEFAULT: DAMAGES: LIBEL. A judgment by default for $3,000 will not, in an action for libel, be reversed as excessive, where the evidence is not before the appellate court.

*Appeal from St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge,

AFFIRMED.

*John M. Glover* for appellant.

(1) This court will reverse the action of the court below in refusing to set aside a default when the result is a manifest injustice. *Tucker v. Ins. Co.*, 63 Mo. 588; *Judah v. Hogan*, 67 Mo. 252. (2) It is of no consequence that the stipulation extending the time of pleading was not in writing, the same being admitted as clearly proved. *People v. Stephens*, 52 N. Y. 310; *Montgomery v. Ellis*, 6 How. Pr. 326; *Benham v. Smith*, 11 Wis. 258. (3) If defendant relied upon this verbal agreement as meaning one thing and the plaintiff understood it as meaning another, it makes a case of excusable neglect. *Wager v. Shickle*, 3 Paige, 407; *Heinemann v. Leclair*, 51 N. W. Rep. 1101; *Horten v. Co.*, 27 Pac. Rep. 376. (4) The default should have been set aside for violation of this agreement. *Johnsen v. Sweeney*, 30 Pac. Rep. 540. (5) An affidavit of merits showing evidence in mitigation is sufficient. *Leighton v. Wood*, 17 Abb. Pr. (N. Y.) 182. (6) Under the petition in the cause the plaintiff could not recover damages to him in his profession as teacher of music. *Johnsen v. Robertson*, 8 Porter, 486; *Riley v. Smith*, 1 Exch. Div. L. R. 91; Townsend on Libel and Slander [4 Ed.], n. p. 263; *Wilson v. Wright*, (Ohio) 651; *Hallack v. Miller*, 2 Bail. 632; *Gundy v. Humphrey*, 35 Ala. 626. (7) The inquest and judgment should therefore be set aside. R. S. 1889, sec. 2216; *Stove Co. v. Grimes*, 9 Neb. 123. (8) The damages are excessive. *Kern v. Bridnell*, 21 N. E. Rep. 664; *Pratt v. Pioneer Press Co.*, 30 Minn. 41; *Haight v. Hoyt*, 50 Conn. 583; *Holmes v. Holmes*, 64 Ill. 294; *Thomas v. Dunway*, 30 Ill. 373; *Freeman v. Tinsley*, 50 Ill. 496,

*Chester H. Krum* and *M. B. Jonas* for respondent.

(1) The showing made by the appellant, upon which it sought to obtain a setting aside of the judgment by the trial court, was absolutely without merit and demonstrated nothing more than the grossest and most inexcusable negligence on the part of the appellant. (2) Under the petition it was entirely competent for the respondent to recover damages merely commensurate in view of his calling, and the character of the libel published concerning him. Evidence of special damage was not introduced at all. The words written and published were actionable *per se*, and the damages flowing therefrom were general damages. *Herman v. Bradstreet Co.*, 19 Mo. App. 227; *Noeninger v. Vogt*, 88 Mo. 589. (3) The damages are not excessive.

BRACE, P. J.—On the third day of September, 1892, the plaintiff, by his attorney M. B. Jonas, instituted this suit in the circuit court of the city of St. Louis to recover damages of the defendant for libel in publishing a certain article in the St. Louis *Chronicle*, set out in the petition, and therein alleged to be false and defamatory, and the publication thereof to have been willful, wanton and malicious. On the same day summons was issued and served upon the defendant, returnable to the October term of said court. On the twenty-seventh day of October, 1892, a bond for costs was filed by the plaintiff in said suit and this was all that was done therein in said court during that term.

Afterwards, at the December term, 1892, of said court, and on the ninth day of January, 1893, the following proceedings were had in said suit in said court:

"Now at this day this cause coming on for hearing, comes the plaintiff by attorney, but the defendant although duly called, comes not, but makes default; wherefore, on motion of said plaintiff, it is ordered by the court that the petition herein be taken against said defendant as confessed. Thereupon, said plaintiff, waiving a jury, submits the cause to the court upon the evidence and proofs adduced, and the court having heard the same and being advised of and concerning the premises, finds for plaintiff and assesses his damages at the sum of $3,000. It is, therefore, considered and adjudged by the court that the plaintiff recover of said defendant the damages aforesaid, as assessed, to wit, said sum of $3,000, and have therefor execution."

Afterwards, at the same term and on the twelfth day of January, 1893, the defendant filed the following motion, entitled as in said cause:

"Now comes the defendant by its attorney and moves the court to set aside the default in the cause, and for leave to plead, and for grounds of its motion assigns:

"When the default was taken there existed a valid and binding agreement between the plaintiff, through his attorney Mr. M. B. Jonas, and this defendant that no default should be taken and that the defendant should have all the time it desired to plead in this cause."

And at the same time also filed a motion to set aside said verdict and judgment, and for a new trial.

In support of these motions the defendant, by leave of the court, filed sundry affidavits, and the plaintiff counter affidavits. From which the following facts may be said to appear as admitted and undisputed:

On the first day of the October term of said court, Mr. Jonas received the following letter:

"St. Louis, October 3, 1892.
"*Mr. M. B. Jonas, Attorney, etc.*

"DEAR SIR:—Col. Jay L. Torrey, attorney of the *Chronicle* company, is out of town in Wyoming and will not return for some days. If possible, we would like you to extend the time for answering in the Robyn case *v. Chronicle* until October 30.

"Will you kindly let us know this P. M. what you decide as to the granting of the extension?

"Respectfully,
"W. H. LITTLE,
"For the Chronicle.

In answer to this letter Mr. Jonas telephoned the *Chronicle* office the same day in substance "that they might take all the time they desired in which to plead in the cause."

On the twenty-fourth of October, 1892, Mr. Milton McRae, the general manager and treasurer, and Mr. H. M. Young, the secretary and business manager of the *Chronicle*, had a conference with Mr. Jonas in regard to the case, and at their request he arranged for a meeting between them and his client at his office on the twenty-sixth of that month; and on that day Mr. McRae and Mr. Young, representing the *Chronicle* company, and Robyn and his attorney, Mr. Jonas, had an extended interview with reference to an adjustment of the case, which ended in nothing being agreed to. There is some conflict in the affidavits as to what took place at this interview, and as to what was said by each of the parties, which it is unnecessary to go into. Mr. Jonas admits that, at the close of the interview, Mr. McRae said, "I will see you again in a few days," to which he, Jonas, replied, "You have filed

no pleadings as yet in the case, but you may take all the time you desire to plead."

Mr. W. H. Little, in his affidavit for the defendant, states that in the latter part of November or the first part of December he was notified by Messrs. McRae and Young that at the conclusion of the inter-view, aforesaid, Mr. Jonas had told them, "that they might take all the time they pleased to plead in the cause," and further states that they soon after left the state, and the management of the case then devolved upon him, and that thereafter he was in exclusive charge of the case, and that, relying upon the promise of Jonas, aforesaid, "he did not for the defendant, nor did the defendant for itself, even employ an attorney in the cause and that he did not know that the cause was set, nor that any action was taken or contemplated, until after the trial occurred."

I.   The proceedings of the case in court from the filing of the petition to the default, inquest and final judgment thereon, appear to have been entirely regular and in conformity to law, and the defendant has not, as a matter of law and strict right, any ground on which to claim that the judgment on the default be set aside.

The judgment, however, was in the breast of the court during the continuance of the term, and, for good cause shown, the court had the power to set the same aside and to permit the defendant to plead.   The exercise of this power is within the discretion of the court and is called for only upon a showing that the defendant has a meritorious defense, and a good reason for not answering in time or making his defense on the trial; and to warrant this court in interfering with the action of the trial court in refusing to set aside a judgment by default "both of these things must appear so clearly as to make it manifest that the refusal of the

trial court was arbitrary." *Pry v. Railroad*, 73 Mo. 123. It is only in case of an abuse of this discretion that this court will interfere. *Judah v. Hogan*, 67 Mo. 252; *Tucker v. Ins. Co.*, 63 Mo. 588; *Griffin v. Veil*, 56 Mo. 310; *Florez v. Uhrig's Adm'r*, 35 Mo. 517; *Jacob v. McLean*, 24 Mo. 40.

Courts can not, and ought not to, undertake to relieve parties from the consequences of their own negligence. The assessment of damages and judgment thereon in this case was the necessary and orderly consequence of the defendant's neglect to file an answer to the petition, and of its failure to appear on the day of the trial of the case to make any defense thereto. The only excuse offered for this neglect is that, more than two months and a half before the day of trial, the plaintiff's attorney told the defendant's representatives, Messrs. McRae and Young, at the close of an interview in which it was ascertained that terms of compromise could not be agreed upon, and that the suit would progress, that "they might take all the time they pleased to plead in the case;" and that about a month before the day set for trial, this permission was communicated to Mr. Little, to whom was thereafter entrusted the management of the case, that he thereafter gave no attention whatever to the case in court until after the judgment was rendered. In doing so, we think the court below might well have found that the defendant was inexcusably negligent. The reasonable construction to be put upon the permission given was that, the defendant was to have all the time to plead that could be allowed by the plaintiff's attorney, consistent with the due and orderly progress of the cause to trial under the law and rules of the court. The time for pleading was exhausted when the case was called for trial, and, it would seem, no ordinarily prudent man ought to have

understood that this permission was to extend to an indefinite time.

II.   The affidavits that go to the merits show no defense to plaintiff's cause of action, but set forth facts which it is claimed ought to mitigate the damages, and these are met by counter affidavits.   Viewing the cause in the light of these affidavits and all the evidence before us, we can not say that the trial court acted arbitrarily or in abuse of its discretion in refusing to set aside the default.

III.   It is next claimed that the court admitted improper evidence on the assessment of damages.   The action of the court in this behalf was matter of exception, and, unless excepted to, is not subject to review, and, as there was not, and could not have been, any exceptions saved to the ruling of the court on the admission of the evidence complained of, that action can not be reviewed on this appeal.

IV.   It is next complained that the damages are excessive.   The damages assessed are largely within the limit of the amount demanded in the petition.   The nature of the action authorized the assessment of punitive damages; and the evidence upon which it was made is not before us for review.   We see no ground for reversing the judgment on account of the amount of damages assessed.   The judgment is affirmed.   All concur.