CARL HOFFMAN, Respondent, v. HOPKINS LOUDON, Appellant.

Kansas City Court of Appeals, June 2, 1902.

1. **Appellate Practice:** ASSIGNMENT OF ERROR: SUPPLEMENTAL ABSTRACTS. Under the present rules and statutes, the filing of briefs by the parties is treated as an assignment of and joinder in error, and thereafter an additional abstract can not be filed without the consent of the parties.

2. **Trial Practice:** SETTING ASIDE DEFAULT: REQUISITES: ATTORNEY. To justify the trial court in setting aside a default there must be good reasons shown therefor and a meritorious defence, and there is no distinction between negligence in a party and that of his attorney.

3. ———: ———: ———: ———: EVIDENCE. Evidence is reviewed and held insufficient to warrant the setting aside of judgment by default.

4. ———: ANSWER: ABATEMENT. The statute contemplates but one answer containing all the defenses, whether in abatement or in bar.

5. Trial and Appellate Practice: SETTING ASIDE DEFAULT: COURT'S DISCRETION. Trial courts have very wide discretion in setting aside defaults, which should be exercised so as to promote justice; but appellate courts will not revise such discretion except in cases of manifest injustice.

6. Pleading: SUFFICIENCY OF PETITION: ASSUMPTION OF MORTGAGE DEBT. A petition by a grantor, summarized in the opinion, declaring on an assumption by a grantee of the mortgage debt and his failure to pay same, is held sufficient, notwithstanding certain redundancies.

7. Principal and Surety: DEBTOR AND CREDITOR: ASSUMPTION OF MORTGAGE DEBT. Where a grantee assumes the mortgage debt on the conveyed premises, he becomes the principal and his grantor the surety, and upon the latter's being compelled to pay the debt he may recover it of the former.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale*, Judge..

AFFIRMED.

*J. Roy Smith* and *T: H. B. Turner* for appellant.

(1) The judgment should have been set aside on defendant's motion, because defendant was taken by surprise by plaintiff's attorney, and an improper verdict rendered, and finding by the court rendered in favor of the plaintiff and against the defendant's cause of action. R. S. 1899, sec. 800. (2) We understand, of course, that an application to set aside a default judgment is addressed to the discretion of the court, and that in order to justify the trial court in setting aside a judgment by default the defendant must show two things: first, that he has good reason for default on his part; and, second, that he has a meritorious defense. Defendant must establish both grounds in order to obtain relief from the consequences of his default. He must show, not only that he has a good defense, but that he has a good reason for the default, and that he him-

self was not negligent. Robyn v. Publishing Co., 127 Mo. 385, et seq; Bresnehan v. Price, 57 Mo. 422; Graham and Waterman on New Trials (2 Ed.), 47, 48, 55; Martin v. Turnbaugh, 153 Mo. 172; Wolff v. Railroad, 89 Cal. 337; Wager v. Shickle, 3 Paige 407; Horten v. Co., 27 Pac. 376; Reidy v. Scott, 53 Cal. 69; Waugh v. Suter, 3 Ill. App. 274; Adams v. Hickman, 43 Mo. 168; Tucker v. Ins. Co., 63 Mo. 588; Judah v. Hogan, 67 Mo. 252; Pearson v. Fishing Co., 99 Cal. 425; Graham v. Pickering, 7 Robt. (N. Y.) 147. (3) "Judgment will be reversed where manifestly against the law and evidence." Mauerman v. Railroad, 41 Mo. App. 348; Flanders v. Green, 50 Mo. App. 371.

*Wollman, Solomon & Cooper* for respondent.

(1) It not appearing anywhere that a bill of exceptions was filed, it follows that the paper purporting to be a bill of exceptions will be disregarded. State v. Rolley, 135 Mo. 677; Lafollette v. Thompson, 83 Mo. 199; Butler County v. Graddy, 152 Mo. 441; Storage & Warehouse Company v. Glasner, 150 Mo. 426. (2) The abstract of the record is insufficient. It neither meets the requirements of the statute nor the rule of this court. The most this court will do will be to examine the record proper. Sec. 813 (R. S.) 1899; Rule 15, K. C. Court of Appeals; Storage & Warehouse Co. v. Glasner, 150 Mo. 426; Butler County v. Graddy, 152 Mo. 441. We call the court's attention also to Hays v. Continental Casualty Co., and Hill v. Coombs, recently decided by this court, but not yet reported and also Goodson v. Bevan, 89 Mo. App. 162, as being decisive of our propositions 1 and 2. Wayman v. Jones, 58 Mo. App. 313; American Bank v. Klock, 58 Mo. App. 335; Burton v. Rutherford, 49 Mo. 255. (3) Defendant's application to have the judgment set aside was addressed to the discretion of the trial court, and this court will not interfere unless there has been a clear and palpable abuse of that discretion. 6 Enc. Pl. and Pr., 200; Kibben v. Eckelkamp, 30 Mo. 480; Carr v.

School District, 42 Mo. App. 156; Jacob v. McLean, 24 Mo. 40; Florez v. Uhrig, 35 Mo. 517; Robyn v. Publishing Co., 127 Mo. 385; Welch Executrix v. Mastin, Kansas City Court of Appeals, not yet reported; 6 Ency. Pl. and Pr., 203, 203; Poirier v. Gravel, 88 Cal. 79; Swanstrom v. Mowin, 38 Minn. 359; Flannigan v. Dugan, 47 Minn. 250; Palmer v. Harris, 98 Ill. 507; Life Assn. v. Plummer, 86 Ill. App. 446. (4) The negligence of defendant's attorney was his own negligence. Tower v. Ellsworth, 112 Ga. 460; Biebinger v. Taylor, 64 Mo. 63; 6 Ency. Pl. and Pr., 168.

SMITH, P. J.—The plaintiff's petition, in substance, alleged that he and his wife sold defendant two lots in Leavenworth City in the State of Kansas, which were subject to a mortgage lien to secure the payment of a promissory note for $7,500, payable to one Harvey, and that as a part of the purchase price of said lots the defendant, by the terms of the deed of conveyance to him, executed by him (plaintiff) and his wife, assumed and agreed to pay said note and accepted said conveyance and entered into the possession of said lots. It was therein further alleged that defendant made default in the payment of said note; that afterwards the said Harvey brought a suit against both plaintiff and defendant in a proper Kansas court to foreclose the said mortgage and to obtain a personal judgment on said note; that a decree of foreclosure and also a personal judgment was rendered in that suit against plaintiff for $7,871.25; that the said lots were sold, under the said decree, bringing six thousand dollars, which was applied in discharge of said judgment reducing the same to $2,616.88, which was paid by plaintiff. There was the further allegation that by reason of the premises the defendant was indebted to plaintiff, etc.

The answer was a general denial coupled with which was an allegation that there was another action pending in the circuit court of Jackson county, at Kansas City, in which the subject-matter and the parties

plaintiff and defendant were the same.   The plaintiff's reply was that the said action referred to in defendant's answer had been dismissed and was no longer pending.

A judgment by *nil dicit* was given, after which the defendant filed a motion to set the same aside, which being overruled he took an appeal here.

I.   The day before the cause was called by us for hearing, the plaintiff filed a motion to dismiss the appeal for the reason that the defendant's abstract of the record did not disclose any record entry showing the filing of the bill of exceptions.   Between the time of the filing of the motion and that of calling the cause for hearing, we had been unable to examine and pass upon such motion, and so it was submitted with the case.

During the argument by counsel here at the bar some allusion was made to the condition of the abstract of the record, when it was suggested by one of us that the defendant should file an additional abstract of the record, which was done some ten days later on.   But the plaintiff strenuously objected to this.

Under our rule five, which was adopted before the enactment of section 813, Revised Statutes, 1899 (Acts 1891, p. 69), no suggestion of a diminution of the record could be entertained by us after joinder in error, except by consent of parties, and since the time the statute ceased to any longer require the formal assignment and joinder of errors, where causes have been brought up by the short method under section 813, ante, we have, after the filing of the briefs, refused to permit the appellant or plaintiff in error to file an additional abstract without the consent of the respondent or defendant in error.   We have treated the filing of the briefs as being equivalent to the assignment and joinder of error under the old statute, and in that way applied the foregoing rule.

Ever since the ruling in Bank v. Davidson, 40 Mo. App. 421, we have constantly held that where the appellant or plaintiff in error fails, in his original abstract, to set forth such parts of the record as shows

jurisdiction, a valid bill of exceptions, and so much of
the record as is necessary to a full understanding of
the questions presented for decision, he can not, after
the respondent or defendant in error has suggested in
his brief such failure, be permitted to cure the defect
by a supplemental abstract without the consent of the
respondent or defendant in error. Any other practice
most obviously would lead to the most mischievous
consequences and would be intolerable. The addi-
tional abstract filed by appellant, under the circum-
stances already referred to, should, we think, be dis-
regarded.

II. But suppose we are wrong in our conclusion
as just stated, and that the filing of the additional ab-
stract cured the defect in the original, and that there
is, therefore, a valid bill of exceptions, then we are
confronted with the question whether or not the trial
court erred in its action in overruling the defendant's
motion to set aside the judgment. It is an established
rule of practice in this State that in order to justify
a trial court in setting aside a judgment by default, the
defendant must show (1) that he has good reason for
the default, and (2) that he has a meritorious defense.
He must establish both of these grounds before he
can be relieved from the consequences of his default.
Robyn v. Chronicle, 127 Mo. loc. cit. 391-2; Pry v. Rail-
road, 73 Mo. 123. There is no distinction between the
negligence of a party to an action and that of his attor-
ney. Field v. Matson, 8 Mo. 686; Ridgley v. Rein-
deer, 27 Mo. 442. The affidavit of the defendant's attor-
ney, which was filed in support of his motion, was to
the effect that ''the said cause was regularly set for
trial on the thirteenth day of June, 1901, and that this
affiant and plaintiff's attorney, A. L. Cooper, were in
the courtroom the morning of the said day, when the
case was called by the court, and the case was announced
ready, and was listed by the court for trial, that
there were a number of cases ahead of said above cause,
that after waiting for about thirty minutes this affiant
left Mr. Cooper and walking to the clerk's desk, asked

him, 'How many cases ahead of 10208?' and he answered 'there are several, among them some Metropolitan cases.' This affiant then stepped to where Mr. Cooper was standing and said, 'there are a number of cases ahead of us, Cooper; I have some work on hand in the city, and I'll not wait any longer, but if this case should be reached before tomorrow, will you let me know in time?' and plaintiff answered 'yes,' and this affiant relied upon the word and agreement of plaintiff's attorney, to this affiant's sorrow.'' That of the plaintiff's attorney, which was filed by him, very flatly contradicted the statements contained in the affidavit of the defendant's attorney.

The plaintiff filed the affidavit of his son, who deposed that he was present and heard the conversation between the two attorneys above referred to and that defendant's attorney stated to the plaintiff's that he was not going to remain at Independence but was going to Kansas City, and asked plaintiff's attorney to go with him, and that the latter stated that he did not intend to leave until the case was ready and that if the former wanted to go he could do so but that he would have to use his own judgment about that and take his chances on the case coming up. The plaintiff filed the affidavits of two other attorneys not connected in any way with the case and who deposed that the attorney for the defendant, immediately after the colloquy took place between him and plaintiff's attorney, referred to in said affidavits, left Independence with them on an electric car for Kansas City, and that on the way the defendant's attorney had a conversation with them in which he, in substance, stated that he ''had a suit pending there that day, that was called for trial on that day; that he didn't know whether it would be reached or not; that he wasn't prepared for trial; that his client was in Kansas City and that he had no witnesses there; that he took his chances on its being disposed of; that he didn't have much faith in the  case, and that he didn't care much for the case any way.

As the attorneys for both plaintiff and the defend-

ant are equally reputable and their affidavits entitled to equal credibility, how can we say, in view of all the affidavits filed pro and con on the motion, that the trial court was guilty of an abuse of its discretion in denying said motion?

It has been already seen that the defendant's answer, which was on file when the judgment was given, contained a general denial and a plea to the jurisdiction of the court. If the defendant had intended to rely for his defense on the fraudulent representations set forth in the affidavit of his attorney as a defense on the merits, it is strange he did not plead such facts instead of that of the general issue. He could have joined in his answer a defense to the merits with a plea to the jurisdiction. It is now the well-settled rule of pleading that matters in abatement and bar can be united in the same answer. The statute contemplates but one answer, which must contain whatever defenses the defendant may have. Little v. Harrington, 71 Mo. 390; Byler v. Jones, 79 Mo. 261; Christian Ass'n v. Dubach, 82 Mo. 475; Cohn v. Lehman, 93 Mo. 574; Nichols v. Stevens, 123 Mo. 96.

The case is to be distinguished from one where the judgment by default is entered for want of appearance or answer. Here the defendant did appear and answer. His answer was on file at the time of the judgment. The plea in abatement therein contained was practically disposed of by the replication.

The only answer defendant made to the plaintiff's petition was a general denial. If he intended to rely on the affirmative defense of false and fraudulent representations, as set forth in the affidavit of his attorney, why did he neglect to plead it up to the very time the case was called for trial? After his plea in abatement ceased to be available to him as a defense, and before the time the case was called for trial, he had ample time to file an amended answer if he had cared to do so, setting up his affirmative defense of fraud, but instead of doing so he voluntarily elected to permit the whole

case to go by default. To relieve him against the conse-
quences of such default and allow him to file an
amended answer pleading the affirmative defense of
fraudulent representation, would be to encourage negli-
gence, which is forbidden by the statute.

In such cases as this, courts have a very wide dis-
cretionary power which ought to be exercised in such
a way as to promote the ends of justice as far as pos-
sible. But it would be very unsafe for this court to
undertake to revise the errors of the trial courts in the
mere exercise of their discretion and it ought not to be
done except in cases where manifest injustice has
resulted from their action, and we are not prepared
to say that such is the fact in this case. Florez v.
Uhrig, 35 Mo. 517; Pry v. Railroad, 73 Mo. 124; Judah
v. Hogan, 67 Mo. 252; Tucker v. Ins. Co., 63 Mo. 588;
Griffin v. Veil, 56 Mo. 310; Jacob v. McLean, 24 Mo.
40; Robyn v. Chronicle Co., ante.

III. The defendant further contends that the peti-
tion fails to state a cause of action. It plainly appears
from the allegations of the petition, the substance of
which was stated at the outset, that the action is on
the obligation in that part of the deed by which the
defendant assumed to discharge the mortgage note
given by plaintiff to Harvey. It is true that in addi-
tion to the allegations of the petition just referred to,
there were others stating (1) that plaintiff had paid
off the judgment; (2) that he had taken an assignment
thereof to himself, and (3) that he had attached a true
copy of such judgment to the petition, but these allega-
tions were mere redundancies and could have been
reached by special demurrer or motion to strike out;
but the petition with or without them, states a good
cause of action on the defendant's obligation of assump-
tion. While these redundant allegations show that the
judgment has been paid, and therefore extinguished,
they also show that defendant failed to comply with his
obligation of assumption and for that reason was liable
thereon to plaintiff.

The effect of the obligation of assumption was to

make the defendant the principal debtor and plaintiff his mere surety (Wayman v. Jones, 58 Mo. App. 313; Bank v. Klock, 58 Mo. App. 335), and when plaintiff, as such surety, was compelled to pay off his said principal's debt, he became entitled to recover of him (his principal), the amount so paid by him. Burton v. Rutherford, 49 Mo. 255. The petition is not, as we think, subject to the objection which the defendant has lodged against it.

We discover no sufficient reason for disturbing the judgment, which must accordingly be affirmed. All concur.