KNUPP, Appellant, v. MILLER et al., Respondents.

St. Louis Court of Appeals, November 5, 1908.

PRACTICE: Default: Setting Aside Judgment. During the term at which judgment by default is rendered the trial judge has discretion to set it aside and grant defendant time to plead; the exercise of such discretion will not be reviewed by the appellate court unless it affirmatively appears the trial court acted arbitrarily and oppressively. Where a defendant in such case, in his motion to set aside a judgment by default, showed he had a good defense to the action, but yet showed that he was inexcusably negligent in failing to appear to the action, the ruling of the trial court in setting aside the judgment will not be disturbed.

Appeal from St. Louis Circuit Court.—*Hon. Jesse A. McDonald,* Judge.

AFFIRMED.

*Oliver DeWerthern* for appellant.

(1) An interlocutory default can, for good cause shown, be set aside at any time before final judgment, but not afterward, when the statutory method (secs. 777, 778) is a defendant's only remedy. R. S. 1899, sec. 770; Matthews v. Cooke, 35 Mo. 289; Burnes v. Burnes, 61 Mo. App. 616; Billingham v. Com. Co., 115 Mo. App. 157; Rumsey v. Baker, 35 Mo. App. 217. (2) To justify a trial court in setting aside a default judgment, it is not only necessary that a good defense be shown, but that the defendant show that he has used all due diligence, and that his default is not due to his negligence,

and a showing of negligence will preclude him from re-
lief. Freeman, Judgment (4 Ed.), pars. 102, 172;
Weimer v. Morris, 7 Mo. 6; Green v. Goodloe, 7 Mo. 27;
Edwards v. Watkins, 17 Mo. 273; Robyn v. Chronicle
Co., 127 Mo. 390; State to use v. O'Neill, 4 Mo. App.
223; Hoffman v. Louden, 96 Mo. App. 189; Heisterhagen
v. Garland, 10 Mo. 66; Bobyshell v. Summers, 40 Mo.
172; Palmer v. Russell, 34 Mo. 476.

*Wm. L. Bohnenkamp* for respondent, Henry
Wolken.

(1)  A trial court has the undoubted authority at
any time during the term at which a judgment was
rendered, if the trial judge believes a fair trial has not
been had, or for any cause there has been a failure of
justice, to set aside the judgment and grant a new trial,
of its own motion, or on a motion for a new trial. Scott
v. Smith, 133 Mo. 618; Head v. Randolph, 83 Mo. App.
284; Ensor v. Smith, 57 Mo. App. 585; Wight v. Rail-
road, 20 Mo. App. 481. (2) A trial court may set aside
a judgment for cause and grant a new trial, even
though the motion was filed out of time, if done before
the adjournment of the term at which the judgment was
rendered.  Nelson v. Ghislin, 17 Mo. App. 663; Mc-
Laran v. Wilhelm, 50 Mo. App. 658; Anderson v. Per-
kins, 52 Mo. App. 527; Martin v. Tobacco Co., 53 Mo.
App. 655.  (3)  When the lower court sets aside its
own judgment the appellate court will never interfere.
Stout v. Lewis, 11 Mo. 439; Bank v. Armstrong, 92 Mo.
280; Harkness v. Jarvis, 182 Mo. 241; Rottmann v.
Schmucker, 94 Mo. 144.  (4) It is in the power of every
court of general jurisdiction to correct an error in its
proceedings, or for good cause set aside any order, judg-
ment or decree, if done at the term at which such judg-
ment or decree is entered.  In the application of this
general rule it has been held in this State that the cir-
cuit court may, on its own motion, or at the suggestion

of the aggrieved party, grant a new trial in a cause, except for causes expressly prohibited by statute. State v. Adams, 84 Mo. 310; Richmond v. Wardlow, 36 Mo. 313; Williams v. Court, 5 Mo. 248.

BLAND, P. J.—On October 14, 1907, in the St. Louis Circuit Court, plaintiff recovered a judgment by default against defendants for the sum of $1,058.25. The suit was on a promissory note for the sum of $1,000, and purported to be signed by both defendants. The summons was personally served on both defendants more than fifteen days before the first day of the term at which judgment was rendered. Two days after the rendition of the judgment and at the same term, defendant Wolken appeared and moved to set aside the judgment. The principal grounds alleged in the motion for setting aside the judgment are that he had a good defense to the action in this: "That he did not sign, make and execute said note and pay said amounts of interest as alleged; but that this defendant, Henry Wolken's name was signed and forged to said note by Ben Miller, the other defendant in said cause; that said defendant, Ben Miller, signed the defendant Henry Wolken's name to said note without his consent or permission and that the plaintiff in said cause knew at the time he filed said cause and long prior thereto that the defendant Henry Wolken did not sign said note; that said William Knupp, the plaintiff, was so informed by this defendant Henry Wolken through John Olinger, plaintiff's agent, and by Ben Miller, the other defendant; that this defendant Henry Wolken never did nor does he now owe to William Knupp, the plaintiff in said cause, anything, nor did this defendant Henry Wolken have anything to do with the execution of said note; that this defendant did not know there was a judgment against him until execution was issued and garnishees were served under such execution." The motion also alleges, "That this defendant, Henry Wolken, cannot read the English lan-

guage and therefore did not know the contents of a summons served on him in said action; and furthermore, that the other defendant Ben Miller, who knew all about the existence of said note and all about the suit on same represented to this defendant, Henry Wolken, that he, Henry Wolken, had nothing to do with the signing of said note and therefore would not have to appear in court on such summons, but that further notice would be given when to appear in court for trial; that this defendant thereupon failed to appear in court and answer the petition in said cause in regular order; that said cause was set down for trial on October 22, 1907, and that on October 14, 1907, said William Knupp, the plaintiff, took a default against this defendant, and the other defendant, Ben Miller." The motion was sworn to by Wolken. On the court's docket the cause was set for hearing on October twenty-second. Plaintiff moved to strike out the motion for the following reasons:

"First, that the said petition for review fails to show facts entitling the defendant to the relief for which he asks, in that the defendant therein admits that he was duly served with notice.

"Second, that defendant fails to show facts sufficient to bring himself within the statute relating to setting aside of judgments after final judgment has been rendered thereon."

This motion was overruled. Wolken was examined *ore tenus* and upon his evidence the court set aside the judgment by default, at his cost, and granted him ten days in which to plead. From the order of the court setting aside the judgment by default, plaintiff appealed.

1. Though Wolken could not read English, his evidence shows that his daughter, to whom the summons was delivered at his residence, could read English and that she acquainted him with its contents; that he then went to defendant Miller, who was his son-in-law, and

inquired about the suit, and on Miller's assurance that the suit did not concern him (Wolken) he paid no further attention to it until after judgment was rendered and execution issued and one of his tenants was served with process of garnishment. On this evidence the conclusion is irresistible that Wolken did not use due diligence, but on the contrary was grossly negligent in failing to answer the petition or to appear in court until after final judgment had been rendered against him. In his motion to set aside the judgment, he states a good and valid defense and in his examination he swore he did not sign the note sued on nor authorize any one to sign it for him. In these circumstances, did the trial court commit reversible error in sustaining Wolken's motion to set aside the judgment? The proceedings were not under the provisions of section 777, Revised Statutes 1899, cited and relied on by plaintiff. This section provides for the filing of a petition for review after final judgment by default, in cases where the defendant was not personally served with process of summons and did not appear to the action. In such circumstances, the petition may be filed at any time within three years after the judgment was rendered. [R. S. 1899, sec. 779.] The proceedings in the case in hand appear to have been regular and in conformity with law, but during the term at which the judgment by default was rendered the judgment was within the breast of the court, and for good cause shown, or on its own motion for cause, it had the undoubted right to set aside the judgment by default and grant Wolken time to plead within a reasonable time. [Robyn v. The Chronicle Publ. Co., 127 Mo. 385, 30 S. W. 130; Rottmann v. Schmucker, 94 Mo. 144, 7 S. W. 117; Scott v. Smith, 133 Mo. 618, 34 S. W. 864; Aull v. St. Louis Trust Co., 149 Mo. l. c. 13-14, 50 S. W. 289; Head v. Randolph, 83 Mo. App. 284.] This power being inherent in the trial court, its discretion in setting aside its own judgment

by default will not be reviewed, unless it affirmatively appears the court acted arbitrarily and oppressively. [Smith v. Scott, supra; Harkness v. Jarvis, 182 Mo. l. c. 241-2, 81 S. W. 446, and cases cited therein.] Though Wolken was negligent yet his testimony shows he has a good and valid defense to plaintiff's cause of action as against him. The cause may yet be tried and justice be done. In the circumstances, we think the learned trial judge exercised a sound discretion in sustaining the motion to set aside the judgment by default.

The judgment is affirmed. All concur.