J. A. McINTOSH and CARRIE M. McINTOSH, Appellants, v. EMERSON FOULKE and L. J. HAINES, Respondents, No. 41620—228 S. W. (2d) 757.

Division One, April 10, 1950.

*Luther W. Adamson* for appellants.

*Justin Ruark* for respondent.

484

CONKLING, J.—This appeal, presenting only questions of pleading and procedure, is from the circuit court's action in sustaining defendant Emerson Foulke's motion for judgment on the pleadings in a suit to determine the title to real estate.

In the instant action J. A. McIntosh and wife (hereinafter called plaintiffs) sued Emerson Foulke and L. J. Haines (hereinafter called defendants) and alleged that the real estate in question here was sold on November 3, 1941, at a tax sale by the Collector of Revenue of Newton County, and was purchased by plaintiffs at such sale; that a tax deed was issued therefor to plaintiffs and duly recorded on November 29, 1941; that on December 1, 1941, plaintiffs employed defendants as their attorneys to perfect for plaintiffs a marketable title to said land; that in the course of said employment, and with money supplied by plaintiffs, defendants secured two certain deeds to said land, had defendants made grantees therein, and duly recorded said deeds; that defendants were grantees in said deeds without the knowledge or acquiescence of plaintiffs, and that said acts were fraudulent as to plaintiffs; and that on April 6, 1943, as a result of defendants' deceit and false representations, and without any consideration therefor, plaintiffs executed and delivered to defendants a quit claim deed to said land. Plaintiffs prayed the court to adjudge them to be "the owners of said land" in fee simple.

Defendant Haines, having conveyed his interest in this real estate to Foulke, filed no answer. The answer of defendant Foulke (filed April 9, 1948) denied (1) that he or Haines were ever plaintiffs' attorneys, (2) that he ever had any money of plaintiffs or used any of plaintiffs' money to perfect the title, (3) and all allegations of deceit or false representations. His answer further pleaded affirmatively (1) that he secured the two certain above mentioned deeds from certain heirs to perfect the title, (2) that he had acquired the full title to the land from Haines, and others, and (3) that on April 6, 1943, plaintiffs, for a consideration of about $3500 which was paid them, executed a deed conveying to him their full title. Foulke's answer further pleaded as res adjudicata, and in bar of plaintiffs' instant action, that the issues attempted to be raised by plaintiffs' petition were all adjudicated and settled in a former Newton County suit, No. 9223, filed August 17, 1942, wherein Emerson Foulke and L. J. Haines were plaintiffs, Opal Russell, Treasurer of Newton Coun-

ty was defendant, and J. A. McIntosh and Carrie McIntosh (plaintiffs here) were interpleaders. Foulke's answer set out verbatim the petition in that case, the interplea of J. A. and Carrie McIntosh filed therein, the signed stipulation of the parties settling case No. 9223, and the judgment entered therein on March 29, 1943.

Examination of the pleadings in this case reveals (and the circuit court from those pleadings found) that the identical cause of action which plaintiffs attempted to state in their petition in the instant case was alleged by them in their interplea filed in the former suit, and that the instant issues, among others, were adjudicated in case No. 9223. The same issues between the same parties respecting the same real estate were there involved. By the stipulation of the instant parties, it was, in case No. 9223, agreed that the original tax deed, wherein interpleaders were grantees, be set aside and declared void; that Haines and Foulke be vested with fee simple title to the land in question free of interpleaders' claims; that out of the $1946.39 overplus remaining in the hands of the County Treasurer as the result of the tax sale, the sum of $400 should be paid to interpleaders' counsel, interpleaders should pay certain court costs, and the remainder of said sum should be paid to the interpleaders; that interpleaders should execute to Foulke and Haines a quit claim deed to the land in question; and that a lien against the land should be established in favor of interpleaders in the sum of $1450, the Circuit Clerk to satisfy the lien of the judgment upon receipt of said last sum from Haines and Foulke.

The judgment in that case (No. 9223) recites that on March 29, 1943, the parties and their counsel were present in court and upon the evidence the court made findings of fact and entered a decree as above agreed to by the parties in their stipulation. Thereafter, and on April 6, 1943, the instant plaintiffs (interpleaders in case No. 9223) executed and delivered the quit claim deed to the land to Foulke and Haines, whereupon Foulke paid the Clerk the $1450 required by the stipulation and judgment, and said sum was thereupon paid to the instant plaintiffs. Foulke's answer prays the affirmative relief of an adjudication as absolute owner in fee simple of the land in question, and prays also that the court adjudge that the instant plaintiffs have no right, title or interest therein. Such an answer requires a reply under our statutes.

After the filing of Foulke's answer on April 9, 1948, the plaintiffs on October 11, 1948 filed an application for change of venue and Judge Oldham, Judge of the Circuit Court of Jasper County, by agreement was selected as special judge. Under our statutes plaintiffs' reply was due to be filed within 20 days after April 9, 1948, but no reply was filed. But defendant did not waive the failure of plaintiffs to file a reply, and on November 20, 1948 Foulke filed in the cause a motion for an order to require plaintiffs to file their reply, as provided in

486

Mo. R. S. A., Sec. 847.58. See Pleiman v. Belew, et al., No. 41389, 360 Mo. 219, 227 S. W. (2d) 733. Plaintiffs agreed that such motion should be sustained, and an order requiring plaintiffs to file a reply within 20 days, was entered on December 9, 1948. Plaintiffs filed no reply and after December 29, 1948 were in default with respect to that order.

On April 16, 1949, no reply having been filed, Foulke filed his motion for judgment on the pleadings. That motion set out the facts respecting defendant's plea of res adjudicata in his answer; alleged that the pleadings and judgment in case No. 9223 "did determine all facts, matters and issues in dispute between the parties or involved in this cause"; called attention to defendant's prayer in his answer asking "for an affirmative judgment decreeing title in himself", and to the fact that, although ordered to do so, plaintiffs had filed no reply. That motion prayed the dismissal of plaintiffs' petition and also the affirmative relief prayed in the answer.

The motion for judgment on the pleadings came on for hearing on July 5, 1949. At that hearing plaintiffs filed a "motion for permission to file reply". At the time of the application for permission to file a reply no reply was offered. It was later offered and appears in the transcript. The court overruled the motion for permission to file a reply, saying (after stating the facts), "I think under those circumstances that the court would be abusing its discretion to permit the filing of a reply at this time". On July 12, 1949, the court sustained the motion for judgment on the pleadings, and in its decree for defendant (among other things) noted that (1) plaintiffs failed to deny or plead to defendant's answer, (2) on the pleadings plaintiffs should not recover but that defendant should have the judgment prayed in his answer. The decree adjudged title to the real estate to be in Foulke in fee simple and adjudged plaintiffs had no right or title thereto.

The plaintiffs-appellants make but two contentions, (1) that the court abused its discretion in refusing to allow the filing of a reply, and (2) that it was error to sustain the motion for judgment on the pleadings. These we consider in order.

 It is conceded by plaintiffs that the filing of a reply out of time, and under these circumstances, was a matter within the discretion of the court to allow or disallow. See Robyn v. The Chronicle Publishing Company, 127 Mo. 385, 30 S. W. 130, Hoffman v. Loudon, 96 Mo. App. 184, 70 S. W. 162, and cases cited. But plaintiffs contend that Foulke's answer "did not contain a counter-claim", and that inasmuch as the case was at issue no responsive pleading (reply) was required. That contention is answered in our statement above. Not only did Foulke's answer pray the affirmative cross relief of an adjudication as absolute owner in fee simple, but, when defendant's motion was filed to require plaintiffs to file a reply, the plaintiffs agreed

that such motion might be sustained, and then asked 20 days in which to file such reply. Plaintiffs will not now be heard to contend the case was at issue and that no reply was necessary. The prayer of the answer clearly establishes the contrary.

█ Plaintiffs next contend it was an abuse of discretion to refuse them permission to file their reply, and rely on Reeves v. Dictograph Products, (Mo. App.) 147 S. W. (2d) 162. But that case, upon the peculiar facts there existing, is no authority for plaintiffs' position under the instant facts. In any event, before the court can be convicted of an abuse of discretion in refusing to permit the purported reply to be filed it should at least appear that the reply offered was sufficient in law to perform the office of that pleading. An examination of the reply which plaintiffs offered to file shows that at most the purported reply was nothing more than an attempted collateral attack on the judgment in case No. 9223 pleaded in the answer, coupled with an assertion that that judgment "was not res adjudicata of this action but are (is) subject to the inquiry and equitable jurisdiction of this court". Nothing in the purported reply denied or constituted any defense to the res adjudicata plea set out in the answer. There was only the bare assertion that the former judgment was not res adjudicata. That was a question solely for the court's determination in ruling the motion for judgment on the pleadings.

No sound reason is suggested by plaintiffs (nor can we see any) why we should rule that the circuit court abused its discretion in refusing permission to file the purported reply. Under the statutes plaintiffs had been in default of reply since April 29, 1948. Under the court's order requiring the filing of a reply plaintiffs had been in default since December 29, 1948. Since April 16, 1949, plaintiffs knew Foulke was moving for judgment on the pleadings based on his plea of res adjudicata, and upon the fact that no reply had been filed. No reply was even offered for filing until July 5, 1949. Statutes are enacted and rules promulgated for guidance, uniformity and the disposition of the business of the courts. Statutes and court orders should be observed. Counsel should be alert to comply with all such procedural and filing requirements. The discretion of the trial court in such a matter as this is a wide one which should be carefully exercised to promote justice, and we cannot destroy that discretion by judicial fiat. It would be oppressive and arbitrary for an appellate court, by reversing, to exercise a judicial dominance over the trial court's discretion where, as here, no abuse of discretion appears and no manifest injustice has resulted. In this case we cannot say that any abuse of the court's discretion is apparent from the refusal to permit the purported reply to be filed.

█ Under the instant circumstances the court did not err in sustaining Foulke's motion for judgment on the pleadings. That motion is authorized by our Civil █ Code. The motion is of common law

origin and is not favored by the courts. And such a motion is sustainable only where, ''under the conceded facts, a judgment different from that pronounced could not be rendered notwithstanding any evidence which might be produced. In other words, it cannot be sustained unless, under the admitted facts the moving party is entitled to judgment, without regard to what the findings might be on the facts upon which issue is joined''. 41 Am. Jur. Pleading, § 336, p. 521. See also, Daggs v. Phoenix National Bank, 177 U. S. 549, 44 L. Ed. 882, Rainwater v. Hobeika, 208 S. C. 433, 38 S. E. (2d) 495, 166 A. L. R. 1228, Smith v. Smith, 225 N. C. 189, 34 S. E. (2d) 148, 160 A. L. R. 460, Seaton Mtn. Elec. Lt., Ht. & P. Co. v. Idaho Springs Inv. Co., 49 Colo. 122, 111 Pac. 834. It is, of course, true that if there is joined an issue of fact upon which, if there is proof to support it, a valid judgment may be based, a judgment on the pleadings is improper. But if the answer pleads a good defense which is determinative of the issues sought to be raised in the petition, and such defense is admitted by the reply, or if there be no reply, then judgment upon the pleadings is proper. Turner v. Browne, 351 Mo. 541, 173 S. W. (2d) 868, Hunter v. Delta Realty Co., 350 Mo. 1123, 169 S. W. (2d) 936.

Plaintiffs base their contention that the court erred in sustaining the motion for judgment on the pleadings upon their argument that the plea of res adjudicata in the answer raised an issue of fact, and that the trial court had to take judicial notice of case No. 9223 in order to sustain defendant's motion for judgment on the pleadings. Plaintiffs rely on Ralph D'Oench Co. v. St. Louis County Cleaning and Dyeing Co., et al., 358 Mo. 1072, 218 S. W. (2d) 609. But the record before us does not support plaintiffs' argument. The contrary quite clearly appears.

In Norwood v. Norwood, 353 Mo. 548, 183 S. W. (2d) 118, 122, we held that: ''Generally, in order to have estoppel by a former judgment (res adjudicata), there must be: (1) Identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality of the person for or against whom the claim is made. * * * 'It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions become res adjudicata and may not again be litigated in a subsequent action between the same parties or their privies, regardless of the form the issue may take in the subsequent action, whether the subsequent action involves the same or a different form of proceeding, or whether the second action is upon the same or a different cause of action, subject matter, claim, or demand, as the earlier action. In such cases, it is also immaterial that the two actions are based on different grounds, or tried on dif-

ferent theories, or instituted for different purposes, and seek different relief.' '' The requirements as to identity which we there stated affirmatively appear in this case.

The plea of res adjudicata in Foulke's answer does not raise an issue .of fact. It raises only the defense of res adjudicata. The pleadings, stipulation and judgment in case No. 9223 .are set out verbatim in the answer. There is no reply in. this case and those well pleaded res adjudicata matters stand undenied. There is here no issue respecting them. Those allegations of the answer must be taken as true. ''They are contained in a pleading which required a responsive pleading and stand admitted if not denied in such responsive pleading. Civil Code, Laws of Missouri, 1943, page 353, Mo. R. S. A. §§ 847.32, 847.41, 847.58.'' Fair Mercantile Co. v. Union-May-Stern Co., (Mo. Sup.) 221 S. W. (2d) 751, 754.

In this case the court was not compelled to take judicial notice of case No. 9223, for the pleadings, stipulation and judgment in that case appear verbatim and in full in Foulke's answer. This case is plainly distinguishable from the D'Oench case, supra, relied on by plaintiffs. Here the trial court determined *from the instant pleadings* that case No. 9223 was res adjudicata, but in the D'Oench case the court had to and did ▇▇ judicially notice the files of the former case contended to be res adjudicata. Here there is no denial (general or otherwise) of the matters which are pleaded as res adjudicata, but in the D'Oench case there was a denial of it and there was an issue of fact presented by the pleadings of the seller and purchaser in that case upon the res adjudicata question. In the D'Oench case the motion for judgment on the pleadings asked the court to receive in evidence (and the court did so) the files and judgment in the former case, but here those matters all appear verbatim in the answer. In the D'Oench case the court's memoranda, filed with the judgment, stated the court judicially noticed the files and judgment in the former suit, but here the court (as affirmatively appears in this record) based its judgment on the instant pleadings alone.

▇▇ It clearly appears that the issues attempted to be raised by plaintiffs' instant petition were all adjudicated and settled in case No. 9223. It likewise appears that plaintiffs had their day in court in that case and that they cannot relitigate the issues there fully and finally determined. It follows, therefore, that the court did not err in sustaining defendant's motion for judgment on the pleadings. The judgment appealed from must be affirmed. It is·so ordered. All concur.