W. R. WILSON, Respondent, v. SCOTT, HEDGES & HINCKLEY, Appellants.

Kansas City Court of Appeals, May 30, 1892.

1.  Customs: INVARIABILITY. A custom should be invariable.

2.  Attorney and Client: ABSENCE OF ATTORNEY: BUSINESS. That an attorney was absent at the trial because engaged in other important business, is no reason for new trial.

3.  Practice, Appellate: SERVED, AND ABSENT AT TRIAL. Where defendant is served and answers, but is absent at the trial without legal reason, the appellate court will regard the proceeding as if he was present and not objecting.

4.  ————: MOTION NO PART OF RECORD: WAIVER. A motion not incorporated in the bill of exceptions is no part of the record and will not be noticed on appeal; and answering an amended petition waives objection to a refusal to strike it out.

*Appeal from the Barton Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*Heffernan & Buckley,* for appellants.

(1) Amendment not allowed where change of cause of action, if motion made to strike out in suitable time. *Fields v. Mahoney,* 78 Mo. 172; *Sims v. Field,* 24 Mo. App. 557; *Gourley v. Railroad,* 35 Mo. App. 87. (2) Trial of case in defendant's absence was error, because contested cases never tried on first day of term in the trial court. *O'Fallon v. Davis,* 38 Mo. 269. It is improper to admit evidence regarding similar accidents at the same place and by the same machine. Black on Proof & Practice in Accident Cases, sec. 35, p. 41. It is improper to admit evidence that new machinery or parts of machinery was put in by the master after the injury occurred. *Alcorn v. Railroad,* 16 S. W. Rep. 226.

*Mann & Talbutt* and *McCluer & Bowling*, for respondent.

(1) The original petition, the motion to strike out the amended petition and the proceedings at a former trial, were not made part of the record by bill of exceptions, and same should not have been included in the statement. Rules Practice, K. C. Court of Appeals, 12. The motion to strike out is not part of the record proper, and, as same was not made such by bill of exceptions, the action of the court on the same is not before this court for review. *Hubbard v. Quisenberry,* 32 Mo. App. 459, and cases cited. (2) If the cause of action had been changed, and the point was before this court, appellant would be held to have waived it by answering to the amended petition. *Silver v. Railroad,* 21 Mo. App. 5; *Scovill v. Glasner,* 79 Mo. 449; *Fuggle v. Hobbs,* 42 Mo. 541. (3) To enable the appellant to avail himself of the errors of the trial court in admitting evidence, the bill of exceptions must show that he excepted to the ruling of the court on the same at the time it was made. The appellant does not claim to have made any objections to any testimony at the time it was admitted, and, hence, is not entitled to be heard on that point in this court, and this is true although defendants were not present at the trial. *Brolaski v. Putman,* 34 Mo. 459; *Smith v. Dunklin Co.,* 83 Mo. 195; *State v. Burnett,* 81 Mo. 121; *State v. Williams,* 77 Mo. 310; *Fairgrieve v. Moberly,* 29 Mo. App. 149, and cases cited; *State v. Reed,* 89 Mo. 171, and cases cited. (4) The record fails to show any objection to the instructions at the time they were given; hence, they are not before this court for review. *State v. Reed, supra; Waller v. Railroad,* 83 Mo. 608; *Houston v. Lane,* 39 Mo. 495; *Dozier v. Jerman,* 30 Mo. 216; *Randolph v. Alsey,* 8 Mo. 656.

ELLISON, J.—This cause is based on a petition for personal injuries received by plaintiff while in the employ of defendants in operating a derrick used at the time of the injury in raising large stones.

There was a trial resulting in a verdict for defendants, which verdict was afterwards, on the plaintiff's motion, set aside, a new trial granted and the cause continued. No exception was taken by defendants. The case afterwards appeared on the docket for the first day of the term, and, being called for trial, the defendants failed to appear either in person or by attorney. A jury was impaneled, and a hearing of evidence for plaintiff as to his damages. The result was a verdict in his favor for $1,250. Defendants filed a motion for new trial, setting up, among other reasons, that defendants' attorney was unavoidably absent, and that he relied upon an alleged custom of the circuit courts of Southwest Missouri of not trying cases on the first day of the term, notwithstanding cases were set for such day. As the testimony taken on the motion did not show that this was the invariable custom, we need not say whether the excuse would have been good if it had been. The other reason alleged, viz., that defendants' attorney could not be present amounts to nothing. The reason was supported by the statement that he was engaged in other important matters of business.

The motion for new trial set up as additional reason for setting aside the verdict, that the court admitted improper evidence for the plaintiff and gave improper instruction at his instance. But as defendants were served with process, had appeared in court and answered to the actions, and were, without legal reason, absent from the trial, we are of the opinion that, since there is evidence upon which to base the verdict, the proceeding at the trial should be judged as

though they were present offering no objection and taking no exception to the action of the court. We, therefore, refuse 'to notice the objections to testimony, or to the instructions given.

A motion was made before the first trial to strike out the plaintiff's amended petition. This motion was not incorporated in the bill of exceptions, and, not being a part of the record proper, we need not notice this point. *Hubbard v. Quisenberry*, 32 Mo. App. 459. Besides defendants waived any objection in this respect by answering the amended petition. *Scovill v. Glasner*, 79 Mo. 449.

The petition stated a good cause of action, and defendants' motion in arrest was properly overruled. We see no sufficient ground for disturbing the judgment, and order its affirmance. All concur.