JOHN J. KAIN, Respondent, v. JOHN T. TUOHY, Appellant.

St. Louis Court of Appeals, May 2, 1899.

Practice, Trial: FAILURE TO PROSECUTE APPEAL. The case at bar was called for trial on August 25, 1898; appellant's attorney filed a written application for a continuance; the application was over-ruled; appellant refused to further prosecute appeal; on motion of plaintiff defendant's appeal was dismissed and costs adjudged against the defendant. Held, to be not only a failure but a refusal to prosecute the appeal.

*Appeal from the St. Charles Circuit Court.*—HON. ELLIOTT M. HUGHES, Judge.

AFFIRMED.

DANIEL DILLON and T. F. MCDEARMON for appellee.

In this case this court is not called upon to say whether a given state of facts, or whether certain conduct constituted a failure to prosecute the appeal. The record of the judgment

Kain v. Tuohy.

of the circuit court is that defendants refused to further prosecute their appeal. This record, of course, imports absolute verity. That the record of a court, especially a court of record, and a home court, imports absolute verity, is an elementary principle of law, and we do not believe it will be controverted. Any number of authorities might be cited in support of it. 1 Greenl. on Ev. [Lewis' Ed.], sec. 19; 2 Wharton, Law of Ev. [3 Ed.], secs. 980 and 982; 1 Freeman on Judg. [4 Ed.], sec. 76; 1 Black on Judg., sec. 273; Warren v. Lusk, 16 Mo. 102, 111, 113. The statute directs that in case of failure to prosecute the appeal the judgment of justice shall be affirmed or appeal dismissed. Judge Thompson, in Ray v. Railroad, *supra,* recognized the right of circuit court to affirm judgment or dismiss the appeal when appellant fails to prosecute his appeal. (See his language at bottom of page 107 of 25 Mo. App.) In the case at bar the record shows that defendants, appellants, not only failed, but refused to prosecute their appeal. There is another principle of law somewhat allied to the last and equally as well established, viz.: That when the record is silent or uncertain or indefinite, all presumptions are in favor of the judgment of a court of record. Bearden v. Miller, 54 Mo. App. 201; In re Tucker, 74 Mo. App. 334, 335; Murphy v. DeFrance, 105 Mo. 62; The State ex rel. v. Bank, 120 Mo. 168.

GROVER & McCLELLAND for appellants.

In an appeal by any defendant from a justice of the peace, all that is necessary to constitute "prosecution of the appeal," is to file the transcript and give the proper notice of appeal. When this is done the appeal is fully prosecuted, and it is error to dismiss the appeal without requiring the plaintiff to prove his case *de novo,* and to prove the amount of damages he has sustained. Ray v. Railroad, 25 Mo. App. 104; affirmed in Hockaday v. Sturgeon, 65 Mo. App. loc. cit. 188,

189; State v. Buhs, 18 Mo. 318.    In the case at bar not only was the transcript filed and notice given, but the defendants also appeared by counsel at the trial, and moved for a continuance. ·

BIGGS, J.—This is an action of unlawful detainer.

The suit originated before a justice of the peace in the city of St. Louis.    The judgment was against the defendants before the justice.    There was an appeal to the circuit court of the city.    Subsequently on motion of the defendants the · venue of the cause was changed to the circuit court of St. Charles county.    The latter court dismissed the appeal for failure to prosecute.    The defendants have brought the case to this court by appeal.

Did the appellants fail to prosecute their appeal within the meaning of section 5155, Revised Statutes 1889?    This is the only question urged by counsel for appellants as appears from their reply brief.    It is in fact the only important question in the case, and counsel have favored the court by eliminating all others.    The record shows the following facts: The case was called for trial on the twenty-fifth day of August, 1898.    The attorney for the appellants filed a written application for a continuance on account of the absence of John T. Tuohy, one of his clients.    The application was overruled and as part of the order overruling it, the following appears: "And said defendants, the appellants STATEMENT.     in said appeal, refuse to further prosecute said appeal, the plaintiff moves the court to dismiss the appeal herein for the reason that said defendants fail to prosecute their said appeal herein. Thereupon it is ordered and adjudged by the court that the defendants' said appeal * * * be and the same is hereby dismissed."    Then follows an order adjudging the costs of the appeal against the defendants. The contention of the appellants is that the judgment of dismissal is wrong as they did prosecute their appeal, in that

they gave bond, caused a transcript of the proceedings before the justice to be filed in the circuit court, and that they appeared to the action, and that the statements of their counsel in open court that they would not "further prosecute their appeal" could only be construed as an election not to further contest a judgment against them on the merits. This court has passed on this identical question in the case of Chadbourne v. Hageman, 7 Mo. App. 561. There, as in this case, the attorney for the appellant filed an application for a continuance on account of the absence of his client. Upon the court's refusal to grant a continuance, the attorney withdrew from the case, and no one appearing for the appellant, the judgment was affirmed on motion of the appellee. This action of the circuit court was affirmed, the appellant contending that when he had perfected his appeal and had appeared in the action he had prosecuted the appeal within the meaning of the statute. Judge Hayden, who wrote the opinion denied this. He said that "the word appeal refers not merely to preliminary steps, but to the action on appeal, which the appellant is bound to appear to and prosecute." In the case of Holloman v. Railroad, 92 Mo. 284, the defendant (appellant) filed a motion in the circuit court to dismiss the cause for the alleged reason that the justice had no jurisdiction. This motion having been overruled, the record recites, that "the defendant refused to further appear in the cause, and the court thereupon affirmed the judgment of the justice." In reviewing this branch of the case Judge Black, who wrote the opinion of the court, said: "The appellant's motion being overruled, it refused to have anything more to do with the case, and made that action a matter of record. This was not only a failure, but a refusal to prosecute the appeal." This ruling of the supreme court is conclusive on us, and is decisive of the question before us. Whatever may have been said to the contrary in Ray v. Rail-

road, 25 Mo. App. 104, must be considered as having been overruled by this decision of the supreme court. The judgment of the circuit court will be affirmed. All concur.