## HULBERT, Appellant, v. TREDWAY et al.

### Division Two, February 12, 1901.

**Setting Aside Judgment:** DISCRETION OF COURT. The affidavit filed by defendants in favor of their motion to set aside a judgment, tended to show that they had a good defense to plaintiff's action, that plaintiff had admitted to them that they did not owe him anything, that he had agreed to dismiss the suit, and thereafter assured them that he had done so, and that they relied upon his statements and representations, and by reason thereof were not present at the time the case was heard and the judgment rendered. *Held*, that, the circuit court having control over its judgment, and power, in the absence of any statutory inhibition to set aside or vacate it at its discretion, at any time during the term at which it was rendered, these facts not only justified the court in sustaining the motion, but show that its discretion was not erroneously exercised in so doing.

Appeal from St. Louis City Circuit Court.—*Hon. L. B. Valliant*, Judge.

AFFIRMED.

*Boogher & Taylor* for appellant.

(1) Plaintiff's oral motion to strike out defendants' motion and affidavit in support thereof should have been sustained because: (a) The affidavit was taken before defend-

ants' attorney. Smith v. Ponath, 17 Mo. App. 262; 1 Ency. of Pl. and Pr. 330. (b) The facts upon which the defense was based were not set forth either in the motion or affidavit. Arnold v. Palmer, 23 Mo. 411; Barry v. Johnson, 3 Mo. 372; Jacob v. McLean, 24 Mo. 40; Pry v. Railroad, 73 Mo. 123; Campbell v. Garton, 29 Mo. 343; Robyn v. Chronicle, 127 Mo. 385; Cowen v. Bircher, 5 Mo. App. 577; 6 Ency. of Pl. and Pr., pp. 181, 184 and 207. (c) Objection that plaintiff's said motion was oral can not be raised for the first time in this court. Lamb v. Nelson, 34 Mo. 502. (2) The judgment rendered was not by default; all parties had appeared and filed pleadings and issues had been joined. Halsey v. Meinrath, 54 Mo. App. 343; Crossland v. Admire, 118 Mo. 87. (3) The court should not have set aside the judgment except upon a showing that the defendants had a good and meritorious defense. Such showing was not made. Robyn v. Chronicle, 127 Mo. 385; Auburn Cycle Co. v. Foote, 69 Ill. App. 647; Barry v. Johnson, 3 Mo. 372; Pry v. Railroad, 23 Mo. 411; Morris v. Morris, 60 Mo. App. 86; Halsey v. Meinrath, 54 Mo. App. 335. (4) The court should have specified the grounds upon which a new trial was granted. R. S. 1889, sec. 2241; R. S. 1899, sec. 801.

*John E. Bowcock* for respondents.

(1) That a court of general jurisdiction has unlimited power over its judgments is a rule of universal application, such judgments remaining in the breast of the court until the end of its term. Freemen on Judgments, sec. 90; Bell v. Clark, 30 Mo. App. 224; Nelson v. Gheiselin, 17 Mo. App. 665; Carr v. Dawes, 46 Mo. 598; Stout v. Lewis, 11 Mo. 439. The action of the trial court in setting aside its judgment will not be interfered with by the appellate court unless arbitrarily

and oppressively exercised, materially prejudicing the rights of the appellant. Scott v. Smith, 133 Mo. 618. And the burden of showing such arbitrary exercise of judicial discretion is upon the appellant and unless such a showing is made the judgment of the trial court will be affirmed. Hewitt v. Steele, 118 Mo. 463; Bank v. Armstrong, 92 Mo. 265; Henry v. Railroad, 113 Mo. 525; State ex rel. v. Bank, 129 Mo. 161. (2) The trial court was fully justified in setting aside the judgment herein upon the second and fourth grounds of defendants' motion and affidavit in support thereof, the interposition of a meritorious defense to said cause having been prevented by the fraud and misrepresentations of the appellant. Payne v. O'Shea, 31 Mo. 129; Irwin v. Leigh, 102 Mo. 200; Orley v. Stove Co., 123 Mo. 624. (3) No exception having been preserved by appellant's bill of exceptions to the ruling of the trial court in overruling his oral motion to strike out defendants' motion and affidavit to set aside judgment, and such motion not being a part of the record proper, can not be considered by this court. State v. Reverly, 145 Mo. 661; Long v. Long, 141 Mo. 352; Ryan v. Growney, 125 Mo. 474.

BURGESS, J.—Plaintiff sued defendants in the circuit court of the city of St. Louis, for the sum of $3,666.66 principal, and $427.16 interest, being the balance alleged to be due by them to him on a contract.

Defendants answered the petition by way of general denial.

On January 14, 1898, the case was called for trial, but defendants were not present.

Plaintiff introduced the contract in evidence, and testified himself to the balance due thereon. The court rendered judgment for plaintiff in the sum of $5,076.32.

Thereafter and during the same term, to-wit, January 14,

1898, defendants filed their motion to set aside said judgment upon the following grounds:

"First.   Defendants have a good and meritorious defense to plaintiff's complaint.

"Second.   The judgment has been obtained by false, fraudulent and deceptive motives.

"Third.   Defendants' attorneys did not notify them of the setting of the case.

"Fourth.   Plaintiff had agreed to dismiss said cause and had assured defendants he had done so."

Defendants W. C. and J. B. Dines, filed their affidavit in support of said motion.

On April 29, 1898, the motion was sustained, and the judgment set aside.   Plaintiff duly excepted, and appeals.

In this State circuit courts are of general jurisdiction, and proceed according to the course of the common law, have control of their judgments and may in the absence of statutory inhibition, at any time during the term at which rendered, set aside or vacate them at their discretion (Rottmann v. Schmucker, 94 Mo. 139; Nelson v. Ghiselin, 17 Mo. App. 663; Scott v. Smith, 133 Mo. 618) and it is only in case such discretion is erroneously and improvidently exercised that the Supreme Court will interfere.

The affidavit filed by defendants in support of their motion tended to show that they had a good defense to plaintiff's action, that plaintiff had admitted to them that they did not owe him anything, had agreed to dismiss the suit, and thereafter, assured them that he had done so, and that they relied upon his statements and representations, and by reason thereof were not present at the time the case was heard and the judgment rendered.

These facts, we think, fully justified the court in setting

aside the judgment, and show that the discretion of the court was not erroneously exercised in so doing.

Finding no reversible error in the record, the judgment is affirmed.

*Sherwood, P. J.,* and *Gantt, J.,* concur.