S. SIGALOFF, Respondent, v. INDEPENDENT BREWERIES COMPANIES et al., Appellants.

St. Louis Court of Appeals, May 17, 1910.

1. **JUSTICES' COURTS: Appeal to Circuit Court: Failure of Appellant to Appear for Trial: Summary Affirmance of Judgment.** Under section 1557, Revised Statutes 1899, authorizing the court on appeal from a justice to affirm the judgment on the failure of appellant to prosecute the appeal, a defendant, who perfected his appeal and served on plaintiff a proper notice ten days before the first day of the next term of the circuit court, but who failed to appear on the day the case was properly set for trial, failed to prosecute the appeal, and the court could affirm the judgment, though plaintiff did not comply with section 4075, which applies only where appellant omits to give notice of his appeal.

2. **APPELLATE PRACTICE: Discretion of Trial Court: Refusal to Set Aside Default: Counsel Engaged in Attending to Other Cases.** An application to set aside a default judgment, on the ground that counsel for defendant was engaged in other cases and was misled by the state of the docket and thus permitted a judgment by default, is addressed to the sound discretion of the trial court, and its refusal to grant relief does not indicate an abuse of discretion, for which alone its action may be reversed on appeal.

3. ———: ———: ———: ———: **Sufficiency of Application to Set Aside Default.** An appellate court will not interfere with the refusal of the trial court to set aside a default judgment unless defendant discloses to the trial court a meritorious defense, that his failure to appear was induced for some good reason, and that notwithstanding the exercise of due diligence to be present in court he was precluded from so doing; and a statement in general terms that defendant has a meritorious defense is not sufficient, it being necessary to set out the facts relied upon as a defense.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm,* Judge.

AFFIRMED.

*Claud D. Hall* for appellants.

(1) An order affirming a judgment of a lower court without a trial *de novo*, for mere failure of the appellant to appear can only be based on a statute. State v. McCarthy, 4 R. I. 867; 3 Cyc. 412. 1. There is no statute authorizing such affirmance. Section 4075 of the Revised Statutes 1899, does not apply, because, (a) The defendant gave notice of the appeal. Holloman v. Railroad, 92 Mo. 286. (b) Plaintiff did not enter his appearance in said cause on or before the 2d day of the term. Mumma v. Staudte, 24 Mo. App. 473; Smith v. Railroad, 20 Mo. App. 689; Fisher v. Anderson, 101 Mo. 469. (c) Plaintiff (appellee) did not demand a trial as provided by section 4075. There is nothing in the order affirming the judgment of the justice, or elsewhere in the record, showing that the plaintiff demanded a trial. 2. Section 1557, R. S. 1899, is no authority for the affirmance of a judgment without a trial. This provision means that to prosecute an appeal according to law, the appeal should be filed, the filing fee paid and notice of appeal given. In other words, it only refers to the necessary steps to place the case in the circuit court for trial *de novo*. Meitz v. Koetter, 51 Mo. App. 370. 3. Section 4071, R. S. 1899, requires a trial *de novo*. 3 Cyc. 260; State v. McCarthy, 4 R. I. 86. 4. Section 4073, R. S. 1899, provides that all appeals shall be tried and determined at certain times, etc. 5. The appeal being properly filed, docketed, and the notices of same having been given, the judgment of the justice was vacated and there was no judgment to affirm. Sublette v. Railroad, 96 Mo. App. 122; Carrollton v. Rhomberg, 78 Mo. 547; Turner v. Northcut, 9 Mo. 249; State v. McCarthy, 4 R. I. 86. (2) The refusal of the court to set aside the order affirming the judgment, in view of the circumstances as set forth in the defendant's application and motion to set aside the order affirming the judgment, was an abuse of discretion and judgment,

and for that reason this court should reverse the judgment of the lower court. Stout v. Lewis, 11 Mo. 438.

*Jno. B. Dempsey* and *R. G. Meigs* for respondent.

(1) An appellee, in a cause appealed to the circuit court from a justice of the peace, is entitled, where the cause is for trial, and the appellant fails to prosecute his appeal, to a judgment of affirmance, and he is entitled to such affirmance whether the cause is for trial at the demand of either party or at the option of the appellee only. Holloman v. Railroad, 92 Mo. 284; Chadbourne v. Hageman, 7 Mo. App. 561; Kain v. Touhey, 80 Mo. App. 350. (2) Defendant gave due notice of its appeal and therefore it was not incumbent on plaintiff to enter his appearance on or before the second day of the (April) term. Secs. 4074, 4075, R. S. 1899. (3) Where the record of the trial court is silent, uncertain or indefinite, all presumptions are in favor of the judgment of a court of record. Bearden v. Miller, 54 Mo. App. 201; In re Tucker, 74 Mo. App. 334; Murphy v. De France, 105 Mo. 62; State ex rel. v. Bank, 120 Mo. 168. (4) The prosecution of an appeal from a justice court "according to law" means that the appeal shall be filed, the notice given, the filing fee paid, all of which are preliminary matters, but the word appeal refers not merely to preliminary steps, but to the action on appeal, which the appellant is bound to appear to and prosecute. Chadbourne v. Hageman, 7 Mo. App. 561; cited in Kain v. Touhey, 80 Mo. App. 353; Holloman v. Railroad, 92 Mo. 284. (5) The motion to set aside the affirmance does not state facts showing diligence. Gullett v. Swinney, 61 Mo. App. 226; Pry v. Railroad, 73 Mo. 123; Wilson v. Scott, 50 Mo. App. 329. The motion must both show diligence and meritorious defense. Hoffman v. Lauden, 96 Mo. App. 184; Robyn v. Chronicle Pub. Co., 127 Mo. 385; Hulbert v. Tredway, 159 Mo. 665. The meritorious defense means a statement of facts relied

upon from which the court may itself judge the question of merit. Lamb v. Nelson, 34 Mo. 503; Carr v. Dawes, 46 Mo. App. 358. It is an abuse of discretion for the court to set aside a judgment without a showing of diligence and meritorious defense. The right to set aside judgment is not an absolute one. Carr v. Davis, 46 Mo. App. 358; Arnold v. Palmer, 23 Mo. 411.

NORTONI, J.—The principal question in this case relates to the action of the circuit court in affirming a judgment of a justice of the peace for the failure of appellant to prosecute his appeal theretofore perfected to the circuit court. It appears plaintiff instituted the suit before a justice of the peace and upon the trial recovered judgment against the defendant on March 16, 1909. From this judgment, the defendant perfected an appeal to the circuit court on March 24, 1909, which was more than ten days before the first day of the next, or April term. In due time, the transcript of the justice of the peace, together with the original papers in the case, was filed in the office of the circuit clerk and defendant paid the filing fee as required by statute. On March 25, and more than ten days before the first day of the April term of the circuit court, defendant served a proper notice of appeal on the plaintiff which was subsequently duly returned and filed among the papers of the case. The case was properly set on the docket of the April term of the circuit court for trial on the 24th day of May. During the term and on the 24th day of May, when it was reached, plaintiff appeared and answered ready for trial, but defendant, although three times duly called, did not respond to prosecute the appeal. Thereupon plaintiff moved the court to affirm the judgment of the justice, which motion the court sustained and in all things affirmed the judgment of the justice of the peace. On the following day defendant's counsel appeared and moved the court to set aside its judgment theretofore given, affirming the judg-

ment of the justice, and to reset the case for trial. This motion was overruled and the present appeal is prose-cuted by defendant on the theory that the judgment of the circuit court affirming that of the justice of the peace was given without authority of law. It is argued that as no authority resides in the circuit court for sum-marily affirming a judgment of a justice of the peace on motion without hearing the proof, except in those in-stances specifically authorized by the statute, the court erred, for the reason no such statutory power is confer-red over the particular facts of this case. We are not so persuaded. Our statute, section 4073, Revised Statutes 1899, section 4073, An. St. 1906, touching appeals in civil cases from justices of the peace provides that "All appeals allowed ten days before the first day of the term of the appellate court next after appeal allowed, shall be determined at such term unless continued for cause." The appeal in this case was granted by the jus-tice more than ten days before the next succeeding or April term of the circuit court and was therefore return-able to that term. The statute quoted conferred com-plete power on the circuit court to determine the appeal at the term mentioned. There can be no controversy over this matter. Indeed, so much is conceded; but de-fendant argues that although the appeal was granted more than ten days before the term and that he paid the filing fee, caused the transcript of the justice to be filed in the circuit court and the case was properly placed upon the docket of that term for hearing May 24th, the court was not possessed of authority to summarily affirm the judgment of the justice without a trial *de novo.* Section 4074, Revised Statutes 1899, section 4074, An. St. 1906, provides that if the appeal is not allowed on the same day on which the judgment of the justice of the peace is rendered, the appellant shall serve the appellee at least ten days before the first day of the term of court at which the cause is to be determined with a notice of appeal, etc. Acting under this section, defend-

ant properly served plaintiff with a notice of appeal on
March 24th, which was more than ten days before the
first day of the April term. Section 4075, Revised Stat-
utes 1899, section 4075, An. St. 1906, provides substan-
tially that if the appellant fails to give notice of his
appeal as required, the cause shall at the option of the
appellee be tried at the first term if he shall enter his
appearance on or before the second day thereof or shall
be continued at his instance as a matter of course until
the succeeding term. And after so providing, that sec-
tion concludes as follows: "When, however, the ap-
pellee enters his appearance and demands a trial as
provided for by this section and the appellant fails to
appear, the judgment on motion of appellee shall be
affirmed." In this case, it appears plaintiff, who was
appellee in the sense of the statute, omitted to enter his
appearance in the circuit court on or before the second
day of the term. In view of this fact, the argument
proceeds on the statutes mentioned to the effect that
the circuit court was without power to summarily af-
firm the judgment of the justice. It is said that if plaintiff
had entered his appearance on or before the second day
of the term under the statute last referred to, the judg-
ment of the circuit court affirming that of the justice of
the peace would have been competent and proper; but
it appearing he omitted to do so, no authority in support
of the judgment is conferred by that statute. If this
statute were the source of the authority for the action
of the court in affirming the judgment of the justice,
the argument would inhere with much force. But
another statute, section 1557, as will be presently point-
ed out, seems to confer complete authority in support
of the judgment. The statute, section 4075, supra, on
which defendant bases its argument, seems to contem-
plate that the appellee shall have an option with respect
to the matter of trial or no trial at the term to which
the appeal is returnable. In those instances where ap-
pellant omits to give notice of his appeal and the ap-

pellee desires an early determination of the case, he may
enter his appearance on or before the second day of the
return term and demand either that the case be
tried or that it be continued until the succeeding term
at the cost of the appellant. This option is given to the
appellee in lieu of his right which might otherwise pre-
vail to have the appeal dismissed for the failure of ap-
pellant to give the required notice, as the section point-
edly provides after conferring such option that no ap-
peal shall be dismissed at that term for want of notice
of appeal. It then proceeds on the theory that the
appellant is in default for having failed to give notice
of the appeal and says that when the appellee has en-
tered his appearance and demanded a trial, he may have
an affirmance of the judgment on motion if the appellant
fails to appear.

This statute does not contemplate the identical
situation presented by this record, for here it appears
the appellant had properly given plaintiff notice of ap-
peal in due time as though he intended to prosecute
the same at the return term. It is certain plaintiff
had the right to assume defendant intended to prosecute
the appeal in accordance with the terms of the notice
given and to prepare himself accordingly. After hav-
ing thus prepared himself and appeared in court in re-
sponse to the defendant's notice, he was entitled to a
default or judgment of affirmance against defendant if
he failed to appear. But defendant argues that although
the court was possessed of the cause at that term to try
the same *de novo* it could not declare defendant in de-
fault and summarily affirm the judgment of the justice
without hearing the proof, for the reason it had prose-
cuted its appeal according to law although it did not
answer at the time the case was called in court. This
argument goes to the effect that by appealing from the
justice of the peace, giving the notice of appeal, as re-
quired by statute, causing the transcript of the justice
to be filed in the circuit court and paying the filing fee

therefor, defendant had performed all acts incumbent upon it to the end of perfecting its appeal and its rights should not be thus summarily adjudicated in its absence for no other reason than the mere fact it defaulted in appearance when the case was set for trial. The statute before referred to, but not quoted, is a general provision, evidently intended by the lawmakers to include such instances as were not otherwise specifically provided for. It is in the following language: "In all cases where an appeal from a judgment of the county court, probate court or a justice of the peace shall not be prosecuted by the appellant according to law, the judgment shall be affirmed, and the costs adjudged accordingly." Under this identical section it has been decided by both the Supreme Court and this court that besides performing the antecedent acts essential to perfecting an appeal from the justice and rendering the cause triable at the term of court during which it is disposed of, it devolves upon the appellant to appear in the court, answer to the call of the case and prosecute the appeal therein. In other words, the authorities rule that unless the appellant actually appears in court, answers to the call of the case and proceeds to prosecute his appeal when called, he is in default. Nothing less than this will satisfy the terms of the statute requiring the appellant to prosecute his appeal. [Holloman v. St. Louis, I. M. & S. Ry. Co., 92 Mo. 284, 5 S. W. 1; Kain v. Tuohy, 80 Mo. App. 350.] The result of the authorities is said by our Supreme Court to be that when the case stands for trial at the demand of either party or at the option of the appellee only under section 4074, above quoted, the court may summarily affirm the judgment for the default of the appellant in failing to appear and prosecute the same when it is called. [Holloman v. St. Louis, I. M. & S. Ry. Co., 92 Mo. 284, 5 S. W. 1.] It appears that though plaintiff had failed to enter his appearance on or before the second day of the term which was not essential in view of the notice of appeal

theretofore given to him by appellant, the cause stood for trial at the April term on demand of either party, unless continued for sufficient cause shown. The fact that defendant had given notice of appeal certainly placed it in a position to avail itself of a default on the part of plaintiff if he had omitted to appear and defendant had done so. In such circumstances no doubt defendant would have moved a dismissal of the cause for the reason plaintiff failed to appear and prosecute the same although duly notified in accordance with the statute. In sound reason, it must follow that if plaintiff could thus be mulcted by his failure to appear, defendant, having given the notice and required him to be present in order to protect his rights should suffer the consequences for his default in omitting to prosecute the appeal when called.

The motion of defendant by which it sought to set aside the judgment of affirmance is accompanied by an affidavit of counsel to the effect that he was present in the courthouse attending to other cases and in the clerk's office looking after the interests of other clients at the time the judgment of affirmance was given in this case. It is furthermore stated therein that he expected and intended to prosecute the appeal in this case if plaintiff was ready for trial but was misled by the state of the docket which indicated the case might not be reached until later in the day. The court denied the motion and it is argued here that in so doing it arbitrarily exercised its discretion to the great detriment of defendant. For this reason, it is said the judgment should be reversed with directions to the trial court to set its judgment aside and reinstate the cause on its docket for trial. It has been several times pointedly decided by our Supreme Court that the mere fact counsel is engaged in the courthouse in the disposition of other cases and, being misled by the state of the docket, permitted a judgment by default to be given against his client is insufficient to authorize the appellate court to interfere

and grant the relief which the trial court refused. The doctrine is that such facts address themselves to the sound discretion of the trial court and that its refusal to grant the relief sought in no manner indicates an abuse of such discretion, for which alone judgments may be reversed on such discretionary matters. [Jacob v. McLean, 24 Mo. 40; Griffin v. Veil, 56 Mo. 310; see also Wilson v. Scott et al., 50 Mo. App. 329.] Indeed, the rule which obtains with respect to the disposition of such matters in the appellate court is that such courts will not interfere with the action of the trial court in refusing to set aside a judgment by default unless it appear the defendant disclosed to the trial court, first that he had a meritorious defense to the action, and, second, that his absence or failure to appear was induced for some good reason, and, third, notwithstanding the exercise of due diligence on his part to be present and present the same, he was precluded from so doing. And then, too, the facts constituting the alleged meritorious defense must be set forth to the end that the court may adjudge of their sufficiency if established by proof. Upon these matters appearing, appellate courts may reverse the judgment only in cases where the record discloses the trial court arbitrarily exercised or abused its discretion. [Pry v. H. & St. J. R. R., 73 Mo. 123; Robyn v. Chronicle Pub. Co., 127 Mo. 365, 30 S. W. 130; Hulbert v. Tredway, 159 Mo. 665, 60 S. W. 1035; Hoffman v. Loudon, 96 Mo. App. 184, 70 S. W. 162; Wilson v. Scott, 50 Mo. App. 329.] In this case, although plaintiff showed very good reasons for his failure to be present at the time the case was called, nothing appears to the effect that he had exercised any diligence whatever towards preparing for the trial. Indeed, the affidavits disclose only that he intended to prosecute the appeal provided plaintiff answered ready for trial, whereas it was his duty, in view of the notice he had given to be prepared, to proceed with the cause when reached. Besides this, no showing of facts whatever is

disclosed in the affidavit as to the matter of defense. It is true the affidavit states in general terms that defendant had a meritorious defense to the action, but such is insufficient. Indeed, it amounts to no more than the expression of an opinion touching the matter and it may be that upon the facts relied upon as a defense being set forth they will disclose no defense whatever. In any view of the case it is defendant's duty to set forth the facts relied upon as its meritorious defense in order to invoke the judgment of this court as for an abuse of discretion in the premises.

The judgment should be affirmed. It is so ordered. All concur.