CHARLES J. JONES, by Next Friend, Respondent, v. NATIONAL CANDY COMPANY, Appellant.

St. Louis Court of Appeals. Submitted on Briefs March 3, 1915. Opinion Filed April 6, 1915.

1. **JUSTICES' COURTS: Appeal to Circuit Court: Right to Dismiss Appeal.** Plaintiff recovered judgment in a justice's court, and defendant appealed therefrom to the circuit court, where it challenged the sufficiency of plaintiff's statement. This objection being overruled, defendant, at the conclusion of plaintiff's evidence, asked leave to dismiss its appeal, but the court refused to allow it to do so, and defendant then put on its evidence, and the case being submitted to the jury, they returned a

verdict in favor of plaintiff for a larger amount than was awarded him in the justice's court. *Held*, that the refusal to allow defendant to dismiss its appeal was error, since the motion was in fact an abandonment of its appeal, and the court should thereupon have affirmed the judgment against defendant and the sureties on its appeal bond.

2. ———: ———: ———: **Waiver.** Where, on appeal to the circuit court from a judgment rendered in a justice's court, defendant asked leave to dismiss its appeal and the court erroneously refused to allow it to do so, the fact that defendant thereafter went on with the trial and introduced evidence did not constitute a waiver of the error.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm,* Judge.

REVERSED AND REMANDED (*with directions*).

*A. E. Watson* for appellant.

The court erred in refusing to grant defendant's motion to dismiss its appeal, at the close of plaintiff's evidence in chief and after the court had refused to give a peremptory instruction in the nature of a demurrer to the evidence. Pullis .v. Pullis Bros. Iron Co., 157 Mo. 565; Earl v. Hart, 89 Mo. 262; Sublette v. St. Louis, 96 Mo. App. 115; Kain v. Tuohy, 80 Mo. App. 350; Holloman v. Railroad, 92 Mo. 284; Maplewood Coal Co. v. Phillips, 206 Ill. 451; Bacon v. Lawrence, 26 Ill. 53; Hart v. Railroad, 122 Wis. 308; Railroad v. Hammond, 25 Kas. 208; State v. Curtis, 29 Kas. 384; State v. Moriarty, 20 Ia. 595; Montmorency v. Stockton, 43 Ind. 328; Dorby v. No. Milling Co., 90 N. W. (Neb.) 757; Eden Musee Co. v. Yohe, 37 Neb. 452; Sigaloff v. Independent Breweries, 148 Mo. App. 452; Lee v. Kaiser, 80 Mo. 431.

*John J. O'Connor* for respondent.

When a defendant appeals from a judgment rendered against him by a justice of the peace, he cannot

avoid a judgment against himself and his sureties in the appellate court, by dismissing his appeal in that court without the consent of the plaintiff. Williams v. Lewis, 47 Mo. App. 657. An appeal from a judgment rendered by a justice of the peace, vacates the judgment. Munley v. King, 40 Mo. App. 531; Lee v. Kaiser, 80 Mo. 431; Earl v. Hart, 89 Mo. 263. The appellee alone, under the statute, can dismiss the appeal when taken by a defendant; were it otherwise the plaintiff would often be deprived of a judgment against the sureties. Williams v. Lewis, 47 Mo. App. 659.

REYNOLDS, P. J.—Commencing his action, by next friend, before a justice of the peace, plaintiff, a minor, about sixteen years and seven months of age at the time of the accident, still under age when his action was brought, recovered a judgment against the defendant, National Candy Company, for $75, from which the defendant appealed to the circuit court.

In the circuit court the defendant challenged the petition or statement as not stating facts sufficient to constitute a cause of action. This was overruled, and at the conclusion of the testimony for plaintiff, defendant asked leave to dismiss its appeal. Plaintiff resisting the application, the court denied it and defendant put in its evidence, with the result that plaintiff recovered a judgment for $250, from which judgment defendant has duly appealed to our court.

It is contended here that the circuit court erred in refusing to allow the defendant to dismiss its appeal from the judgment of the justice of the peace. The decisions in Williams v. Lewis, 47 Mo. App. 657, and Butler v. Pierce, 115 Mo. App. 40, 90 S. W. 425, are relied upon by plaintiff as against this.

A careful consideration of those cases as well as of the underlying reasons given in In re Howard's Estate, 128 Mo. App. 482, 106 S. W. 116; Pullis v. Pullis, 157 Mo. 565, l. c. 591, 57 S. W. 1095; Kain v. Tuohy,

80 Mo. App. 350; Sigaloff v. Independent Breweries Companies, 148 Mo. App. 452, 128 S. W. 523, leads us to conclude that it was error to refuse to allow the defendant to dismiss its appeal. By asking to dismiss its appeal from the judgment of the justice, the defendant in fact and in law abandoned that appeal just as completely as if it had failed to prosecute it, and it thereby was within the power as well as the duty of the court to have affirmed the judgment of the justice. Butler v. Pierce, supra, hardly meets this case on its facts.

Following the application of the defendant to dismiss its appeal, which, as held in Williams v. Lewis, supra, l. c. 659, "would only amount to a declaration by the defendant that he was unwilling to prosecute his appeal," the court should have entered up judgment of affirmance of the judgment of the justice under the statute, against the defendant and its sureties on its appeal bond. [See also Holloman v. St. L., I. Mt. & S. Ry. Co., 92 Mo. 284, 5 S. W. 1.]

It is true that after its motion to dismiss its appeal was overruled, defendant put in its evidence. But as it was forced to that by the ruling of the court on its application to dismiss, we do not think that it should be held to have waived its application to dismiss.

The judgment of the circuit court is reversed and the cause remanded with directions to that court to enter up a judgment affirming that of the justice and awarding judgment against defendant and its sureties on its appeal bond given in the justice's court for the amount of the justice's judgment, interest and costs. *Nortoni* and *Allen, JJ.,* concur.